THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JOSEPH CRAWFORD, Defendant-Appellant.

First District (3rd Division)   No. 85—1820

Opinion filed June 11, 1986.

Steven Clark and Julie B. Aimen, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Christopher J. Cummings, and Robert M. Podlasek, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Joseph Crawford, was charged with unlawful use of a firearm by a felon. Defendant previously had been convicted of voluntary manslaughter. After a trial without a jury, the trial court found defendant guilty of the offense charged and sentenced him to a term of three years. On appeal defendant contends that the statute in question is void because it is an arbitrary exercise of the State's police power, that he was denied equal protection and due process of law, and that the statute violates the doctrine of separation of powers.

Because of the nature of the arguments on appeal, only a few facts are necessary. On August 10, 1984, at 12:15 a.m., two Chicago police officers arrested defendant for possession of a loaded .38-caliber, snub-nosed revolver in his waistband. Defendant was standing outside of an apartment building in which he resided. The arrest occurred as the result of a complaint by an unidentified individual who stopped the officers. At trial, the State offered into evidence a certified copy of defendant's 1975 conviction for voluntary manslaughter.

■ Defendant first contends that the unlawful use of weapons by felons statute (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 24—1.1), violates due process and is therefore unconstitutional because it is an unreasonable and arbitrary exercise of the State's police power. Defendant maintains that the statutory exclusion of all convicted felons from possession of weapons or firearms is overly broad and that it proscribes the possession of weapons without requiring a culpable mental state.

The statute provides as follows:

"Sec. 24—1.1 Unlawful Use of Weapons by Felons.

(a) It is unlawful for a person to knowingly possess on or about his person or on his land or in his own abode or fixed place of business any weapon prohibited under Section 24—1 of this Act or any firearm or firearm ammunition if the person has been convicted of a felony under the laws of this State or any other jurisdiction. This Section shall not apply if the person has been granted relief by the Director of the Department of Law Enforcement pursuant to Section 10 of 'An Act relating to the acquisition, possession, and transfer of firearms and firearm ammunition, to provide a penalty for the violation thereof and to make an appropriation in connection therewith', approved August 3, 1967, as amended.

(b) Violation of this Section shall be a Class 3 felony." (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 24—1.1.)

Section 24—1, unlawful use of weapons, prohibits the possession of

certain weapons and includes the following provision:

"(a) A person commits the offense of unlawful use of weapons when he knowingly:

\*\*\*

(2) Carries or possesses with intent to use the same unlawfully against another, a dagger, dirk, billy, dangerous knife, razor, stiletto, broken bottle or other piece of glass, stun gun or taser or any other dangerous or deadly weapon or instrument of like character; \*\*\*."

(Ill. Rev. Stat., 1984 Supp., ch. 38, par. 24—1(a)(2).)

A convicted felon may be granted relief from the prohibition against possession of a firearm if it is determined that:

"(1) the applicant has not been convicted of a forcible felony under the laws of this State or any other jurisdiction;

(2) the circumstances regarding a criminal conviction, where applicable, the applicant's criminal history and his reputation are such that the applicant will not be likely to act in a manner dangerous to public safety; and

(3) granting relief would not be contrary to the public interest." Ill. Rev. Stat., 1984 Supp., ch. 38, par. 83—10(c).

The due process clauses of both the Federal and State constitutions prohibit only the arbitrary and unreasonable use of the State's police power. (*People v. Brown* (1983), 98 Ill. 2d 374, 457 N.E.2d 6.) The standard for determining the legislature's proper exercise of the police power is whether the statute is reasonably designed to remedy the evil which the legislature has determined to be a threat to the public health, safety and general welfare. (*People v. Bradley* (1980), 79 Ill. 2d 410, 403 N.E.2d 1029.) The legislature is vested with wide discretion in determining what the public interest requires and what means are needed to promote and protect that interest. *Rawlings v. Department of Law Enforcement* (1979), 73 Ill. App. 3d 267, 391 N.E.2d 758; see *Illinois Gamefowl Breeders Association v. Block* (1979), 75 Ill. 2d 443, 389 N.E.2d 529.

■ The purpose of the legislature in enacting section 24—1.1 is to protect the health and safety of the public by deterring possessions of weapons by convicted felons, a class of persons that the legislature has determined presents a higher risk of danger to the public when in possession of a weapon. (See *Rawlings v. Department of Law Enforcement* (1979), 73 Ill. App. 3d 267, 391 N.E.2d 758.) We find that the legislature's purpose in enacting the statute was a proper exercise of the police power. We likewise find that the method chosen by the legislature to achieve the protection of the public from danger is rea-

sonably related to that purpose. The unlawful-use-of-weapons-by-felons statute creates an enhanced penalty for a specific class of persons, convicted felons. If a group of persons creates a greater danger to the public, then it is reasonable to deter use or possession of weapons by means of a greater penalty for that group. This statute, therefore, is reasonably designed to remedy a threat to the public safety and is not an arbitrary use of the police power. See *Rawlings v. Department of Law Enforcement* (1979), 73 Ill. App. 3d 267, 391 N.E.2d 758.

We reject defendant's contention that the statute sweeps too broadly because it subjects all convicted felons to greater sanctions, thereby "branding" felons dangerous for life. Before the enactment of section 24—1.1, section 24.1 prohibited the use of weapons, including firearms under certain circumstances, and subjected to harsher penalties only those individuals who had a prior felony conviction within five years of the unlawful-use-of-weapons offense. (Ill. Rev. Stat. 1983, ch. 38, par. 24—1(b).) A statute is not too broad merely because a prior statute proscribes a narrower range of behavior committed by a narrower class of persons. The fundamental test is reasonableness, and we have determined that this method of deterring a threat to the public safety is reasonable. Moreover, section 24—1.1 provides for exceptions to the exclusion of firearm possession by felons through section 83—10 of "An Act relating to the acquisition, possession and transfer of firearms ***" (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 83—10). Section 83—10 allows the Department of Law Enforcement to determine on an individual basis whether a person convicted of a nonforcible felony can possess a firearm. The legislative history clearly demonstrates the intent to protect the public safety through this statutory scheme. (83d Ill. Gen. Assem., House Debates, November 2, 1983, at 21-22 (remarks of Representative Jaffe, chairman of judiciary committee).) The fact that an individual convicted of a forcible felony would never be able to possess a firearm is not unreasonable and reflects the legitimate legislative determination that such individuals pose a danger to the public.

Furthermore, the prohibition against use and possession of weapons by felons does not violate the equal protection clause of the Constitution. Section 24—1.1 treats equally a similarly situated class of persons, convicted felons. (*People v. Bradley* (1980), 79 Ill. 2d 410, 403 N.E.2d 1029.) Since the possession of firearms is not a constitutionally protected fundamental right (*United States v. Miller* (1939), 307 U.S. 174, 83 L. Ed. 1206, 59 S. Ct. 816, *Kalodimos v. Village of Morton Grove* (1984), 103 Ill. 2d 483, 470 N.E.2d 266), equal protec-

tion requires that the statutory treatment of this class of persons bear a rational relationship to a legitimate governmental interest. (*People v. Gurrell* (1983), 98 Ill. 2d 194, 456 N.E.2d 18.) We find that this classification of felons which limits their possession of weapons is rationally related to the protection of public safety. (See *People v. Graves* (1974), 23 Ill. App. 3d 762, 320 N.E.2d 95.) It is well within the police power for the legislature to classify offenses and prescribe penalties for the defined offenses. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 431 N.E.2d 344.) Further, the police power permits the legislature to make broad classifications (*People v. McCabe* (1971), 49 Ill. 2d 338, 275 N.E.2d 407), which are presumptively valid (*People v. Taylor* (1984), 102 Ill. 2d 201, 464 N.E.2d 1059). The fact that there is no time limitation on the prohibition against possession of weapons by felons does not render this newly enacted felonious-unlawful-use-of-weapons statute unconstitutional. It is well established that the legislature may prescribe enhanced penalties for those persons who have been previously convicted of a felony (*People v. Hayes* (1981), 87 Ill. 2d 95, 429 N.E.2d 490; *People v. Finley* (1980), 82 Ill. App. 3d 307, 402 N.E.2d 769), and also make conviction of a felony an element of the offense (*People v. Palmer* (1984), 104 Ill. 2d 340, 472 N.E.2d 795). Such classifications do not arbitrarily stigmatize convicted felons for life, but reflect a legitimate legislative purpose. (See *People v. Smith* (1984), 124 Ill. App. 3d 805, 465 N.E.2d 101.) It is, therefore, well within the police power for the legislature to prescribe an enhanced penalty for a class of persons who have demonstrated by their conduct that they endanger the public safety. See *People v. La Pointe* (1981), 88 Ill. 2d 482, 431 N.E.2d 344.

We likewise reject defendant's contention that section 24—1.1 proscribes the use and possession of weapons which are not inherently evil without the inclusion of a culpable mental state. The statute makes it unlawful to "knowingly possess" any weapon prohibited under section 24—1. Section 24—1 includes a provision which makes it unlawful to knowingly carry or possess "with intent to use the same unlawfully against another" certain items such as a dagger, dangerous knife, razor, broken bottle or other piece of glass. (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 24—1(a)(2).) Defendant maintains that convicted felons commit an offense by knowingly possessing a restricted item, but that nonfelons commit the offense by possession of the item as well as with criminal intent to use it. Without the inclusion of the "intent to use" mental state, defendant argues, convicted felons can be punished for possession of an innocent item such as a razor or piece of glass.

In construing statutes, it is the function of the court to ascertain and give effect to the intent of the legislature. (*People v. Steppan* (1985), 105 Ill. 2d 310, 473 N.E.2d 1300.) In determining legislative intent, a court should examine the language used as well as the reason for the law, the evil to be remedied, and the purpose to be obtained. (*People v. Alejos* (1983), 97 Ill. 2d 502, 455 N.E.2d 48.) Moreover, the statute should be read as a whole (*People v. Jordan* (1984), 103 Ill. 2d 192, 469 N.E.2d 569), and should not be given a construction that is illogical, useless or unreasonable (*People v. Raseaitis* (1984), 126 Ill. App. 3d 600, 467 N.E.2d 1098).

■ In giving effect to the legislative intent to protect the public from persons possessing dangerous weapons or firearms, the reference in section 24—1.1 to weapons prohibited by section 24—1 includes the mental state "intent to use" for the items in section 24—1(a)(2). In examining section 24—1, it is apparent that all subsections except (a)(2) refer to the knowing possession, manufacture, sale, purchase, or carrying of weapons which are inherently dangerous. (See, e.g., *People v. Weir* (1985), 131 Ill. App. 3d 562, 475 N.E.2d 1033.) It is only with the items in subsection (a)(2) that are not inherently dangerous that the mental state of intent is required. It would be illogical and unreasonable to conclude that convicted felons commit an offense by the mere possession of a razor or piece of glass without the intent to use it unlawfully against another. Therefore, construing the statutes together and considering all the relevant parts, we conclude that section 24—1.1 incorporates the mental state of "intent to use" for the potential weapons listed in section 24—1(a)(2), and for all other enumerated weapons the applicable mental state is knowledge. There is no disparate treatment of felons and non-felons and, consequently, no violation of equal protection. (See *People v. Bradley* (1980), 79 Ill. 2d 410, 403 N.E.2d 1029.) Nor does the statute proscribe innocent behavior. With the incorporation of the culpable mental state, the statute is narrowly drawn and does not violate due process. Cf. *People v. Wick* (1985), 107 Ill. 2d 62, 481 N.E.2d 676.

■ Defendant next contends that he was denied due process and equal protection where he was convicted under the statute in question rather than under another statute requiring the same elements of proof but providing a less severe penalty. Section 24—1.1 proscribes the knowing possession of weapons, including but not limited to firearms and firearm ammunition, by convicted felons. A violation of this statute constitutes a Class 3 felony. (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 24—1.1(b).) Section 24—3.1 prohibits the possession of firearms and firearm ammunition by several classes of people, including

convicted felons. Violation of section 24—3.1 is a Class A misdemeanor. (Ill. Rev. Stat. 1983, ch. 38, par. 24—3.1(b).) Although section 24—3.1 does not prescribe a particular mental state, because the sentence is a Class A misdemeanor, it is not an absolute-liability offense. (Ill. Rev. Stat. 1983, ch. 38, pars. 4—3(b), 4—9; *People v. Nunn* (1979), 77 Ill. 2d 243, 396 N.E.2d 27.) Therefore, since possession is an element of section 24—3.1, we find that the legislature intended the same mental state for restricting possession of firearms in 24—3.1 as in sections 24—1 and 24—1.1, that is, knowing possession. (See Ill. Rev. Stat. 1983, ch. 38, pars. 4.2, 4—3(b), 4—5.) Accordingly, sections 24—1.1 and 24—3.1 share identical elements of proof for the prosecution of a convicted felon found in possession of a firearm: conviction of a felony and knowing possession of a firearm.

With respect to defendant's constitutional claims, a statute is presumed valid and the burden is on the party contesting its validity to prove that it is unconstitutional. (*People v. Gurrell* (1983), 98 Ill. 2d 194, 456 N.E.2d 18.) Both the United States Supreme Court and our supreme court have held that a person's constitutional rights are not denied where two different statutes prohibit the same criminal actions, require identical elements of proof and prescribe different punishments, thereby granting the prosecutor the discretion to select which offense to charge defendant. (*United States v. Batchelder* (1978), 442 U.S. 114, 60 L. Ed. 2d 755, 99 S. Ct. 2198; *People v. McCollough* (1974), 57 Ill. 2d 440, 313 N.E.2d 462, *appeal dismissed* (1974), 419 U.S. 1043, 42 L. Ed. 2d 637, 95 S. Ct. 614.) Such prosecutorial discretion does not lead to an arbitrary, selective enforcement of the laws nor unequal treatment of convicted felons. The prosecutor's decision to proceed under the statute with the harsher penalty does not predetermine the ultimate criminal sanction, as the task is left to the sentencing judge. Further, "there is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements." (*United States v. Batchelder* (1978), 442 U.S. 114, 125, 60 L. Ed. 2d 755, 765, 99 S. Ct. 2198, 2205.) In either event, the prosecutor represents the People and has the responsibility to evaluate the evidence and other factors and to determine what offenses can and should properly be charged. (*People v. McCollough* (1974), 57 Ill. 2d 440, 313 N.E.2d 462.) This choice allows the prosecutor the opportunity to determine the severity of crimes from the surrounding circumstances and the range of penalties to seek. We find no arbitrary exercise of prosecutorial discretion and no due process or equal protection

violation. See *People ex rel. Carey v. Cousins* (1979) 77 Ill. 2d 531, 397 N.E.2d 809, *cert. denied sub nom., Brown v. Illinois* (1980), 445 U.S. 953, 63 L. Ed. 2d 788, 100 S. Ct. 1603.

■ Moreover, that the legislature intended to provide the prosecutor with this discretion in determining the charge is evidenced by the fact that Public Act 83—1056, which enacted section 24—1.1, also amended subparagraph (a)(3) of section 24—3.1. When two acts relating to the same subject matter are passed by the same legislature, the courts must construe them together, if possible, and invalidation of one statute is only justified when the two cannot stand together. (*Rawlings v. Department of Law Enforcement* (1979), 73 Ill. App. 3d 267, 391 N.E.2d 758.) We hold that the two statutes can stand together without a violation of due process or equal protection. Therefore, defendant was not deprived of his constitutional rights.

■ Finally, defendant contends that the enforcement of the two statutes, 24—1.1 and 24—3.1, violates the separation of powers doctrine. Defendant argues that since the prosecutor has "unbridled discretion" in determining whether to charge an individual with a felony or misdemeanor, that the prosecutor improperly exercises a legislative function. We find no improper delegation of legislative power to the prosecutor. The State's Attorney has always enjoyed a wide discretion in the initiation of criminal cases, including the decision which of several charges shall be brought against an individual. *People ex rel. Carey v. Cousins* (1979), 77 Ill. 2d 531, 397 N.E.2d 809; *People v. McCollough* (1974), 57 Ill. 2d 440, 313 N.E.2d 462.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RIZZI, P.J., and WHITE, J., concur.