THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LARRY McGEE, Defendant-Appellant.

First District (1st Division)   No. 86—0468

Opinion filed December 31, 1987.

Paul P. Biebel, Jr., Public Defender, of Chicago (Gwendolyn M. Bryant, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., John A. Gasiorowski, and Sharon Bachert-Bedford, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE QUINLAN delivered the opinion of the court:

Larry McGee was charged by information with violation of section 24—1.1 of the Criminal Code of 1961 for possession of a weapon as a convicted felon. (Ill. Rev. Stat. 1985, ch. 38, par. 24—1.1.) Following a jury trial, McGee was convicted and sentenced to a term of five years' imprisonment. McGee appeals, seeking a reversal of the trial court's denial of his motion to quash his arrest and suppress the evidence obtained from the alleged illegal detention. McGee also seeks a reversal of the jury verdict entered against him and contends that a denial of

due process occurred when the prosecution was allowed to present the prejudicial evidence of his prior rape conviction to the jury even though it was an element of the crime with which he was charged. McGee also challenges the constitutionality of the unlawful possession of firearms by felons statute (Ill. Rev. Stat. 1985, ch. 38, par. 24—1.1) on equal protection and due process grounds.

The underlying incident occurred on January 18, 1986, when an armed robbery took place at the intersection of 55th and Halsted Streets in Chicago, Illinois, at about 4:15 p.m. Plainclothes Chicago police officers Kaider and Collins were in a patrol car at 56th and Halsted when they heard the "flash message" radio simulcast of the robbery over their police radio. The broadcast described the assailants as two black men, one of whom was wearing a black leather coat. The officers began looking for the suspects and within three minutes of the flash message they spotted two black men talking with two women in the alley behind 5530 South Emerald. One of the men, later identified as Larry McGee, was wearing a three-quarter length black leather coat. The officers identified themselves, drew their guns, and ordered all four persons to place their hands on the garage wall. As the group began to turn towards the wall and raise their hands upward, Larry McGee also turned toward the wall, but he only raised his left hand and with his right hand he pulled a gun out of his pocket and threw it into the backyard of 5530 South Emerald. Thereafter, a .22 caliber revolver loaded with four rounds of ammunition was recovered from the yard of 5530 South Emerald. After McGee was arrested, the officers drove him to the site of the armed robbery, where the victim was unable to positively identify him as the assailant. However, because of McGee's 1980 felony conviction for rape, McGee was charged with violation of section 24—1.1 of the Criminal Code (Ill. Rev. Stat. 1985, ch. 38, par. 24—1.1), unlawful possession of a firearm by a felon.

At the trial below, the judge reserved ruling on the defendant's motion to quash his arrest and suppress the evidence until after hearing the State's case through the testimony of Officer Kaider. Officer Kaider testified as to the circumstances surrounding his detaining and searching Larry McGee. He testified that during the search the defendant turned to face the garage wall, raised his left hand to the wall, and with his right hand reached into his pocket and took out a gun, which he then threw into the backyard of 5530 South Emerald. Officer Kaider identified the .22 caliber revolver at trial as the same one which he had recovered from the backyard of South Emerald on January 18, 1986.

After hearing Officer Kaider's testimony, the court then excused the jury and heard argument on the defendant's motion to quash and suppress. The trial judge denied the motion, finding that the officer had a reasonably articulated suspicion to stop and frisk McGee as required under section 107—14 of the Illinois Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1985, ch. 38, par. 107—14.) The court found that McGee was properly stopped and frisked because he was spotted within three minutes of hearing the "flash message," was within a block of the robbery scene, was wearing a black leather coat, and generally matched the broadcast description of the assailant. After finding that the officers had sufficient articulable suspicion to stop and question the defendant, the court also found that the nature of the crime, armed robbery, gave the officers grounds to search for a weapon pursuant to section 108—1.01 of the Code of Criminal Procedure. (Ill. Rev. Stat. 1985, ch. 38, par. 108—1.01.) At the close of the State's evidence, the defendant then moved for a directed finding but that motion was summarily denied.

Following the denial of the motions to quash, to suppress and for a directed verdict, the defendant presented his case. The jury heard the testimony of the defendant and Barbara Potts. The defendant and Ms. Potts' both claimed that the defendant did not have a gun, although Ms. Potts testimony was based on the fact that she never saw a gun on the defendant's person that afternoon and did not observe him discarding it during the search. Officer Kaider and Ms. Potts both testified that there was no one else in the backyard of 5530 South Emerald at the time the defendant allegedly threw the gun into the yard. The jury returned a verdict finding the defendant guilty of unlawful use of weapons by a felon and the court subsequently sentenced McGee to five years' imprisonment. The defendant now appeals, seeking a reversal of his conviction.

The issues presented for review are whether the trial court properly denied defendant's motion to quash his arrest and suppress the evidence; whether evidence of defendant's prior felony conviction improperly prejudiced the jury and denied defendant due process even though the felony was an element of the crime with which he was charged; and whether the unlawful use of weapons by a felon statute is unconstitutional.

The defendant first contends that the trial court should have granted his motion to quash his arrest and suppress the evidence obtained from his allegedly illegal detention. The defendant argues that his initial detention was not warranted and cites *People v. Steckhan* (1983), 116 Ill. App. 3d 173, 452 N.E.2d 122, in support of his conten-

tion that the police had an insufficient reason to stop and question him. In *Steckhan*, the defendant was stopped and questioned based solely on the tenuous factors that he "was the last passenger to deboard the plane, was young, walked slowly through the concourse, looked over his shoulder, and his flight originated in a source city." (116 Ill. App. 3d at 177-78.) McGee asserts that Officer Kaider and Officer Collins, like the officers in *Steckhan*, had an insufficient articulable suspicion to initially detain him, because the area in which he was detained is about 90% black and there were many people in the vicinity that fit the description of the robber on the flash message. The defendant distinguishes *People v. Canity* (1981), 100 Ill. App. 3d 135, 426 N.E.2d 591, in which this court found sufficient suspicion based on the fact that in that case the court found that the race of the defendant was different from any of the apartment complex residents. The defendant further argues that the present case was not a situation where he had attempted to flee when he saw the officers approaching the group, as did the defendant in *People v. Vena* (1984), 122 Ill. App. 3d 154, 460 N.E.2d 886, and thus there was no "consciousness of guilt" exhibited here to warrant detention. Accordingly, defendant concludes that, under the totality of the circumstances, the officers had insufficient reason to detain or arrest him because the flash message description was too generalized to distinguish him from the many other persons in the area at the time of the stop who could have fit the description.

On the other hand, the State argues that the arrest and search were proper and that the trial court's decision was not against the manifest weight of the evidence. In *Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868, the United States Supreme Court held that a police officer must have a sufficient reasonable articulable suspicion that the defendant has been involved in a recent crime to warrant an investigatory stop. This standard has been codified in the Illinois Code of Criminal Procedure, section 107—14 (Ill. Rev. Stat. 1985 ch. 38, par. 107—14), to permit a police officer to "stop any person in a public place for a reasonable period of time when the officer reasonably infers from the circumstances that the person is committing, is about to commit or has committed an offense." The State cites *People v. Lumpp* (1983), 113 Ill. App. 3d 694, 447 N.E.2d 963, where this court found sufficient probable cause to arrest a defendant where the flash message described the offenders as a black man and a white woman, and the defendant, who was black, was found in the area of the crime shortly after it happened in the company of a white woman. In *Lumpp* the court upheld the arrest even though, as here,

the only eyewitness to the crime was unable to identify the defendant. (113 Ill. App. 3d at 704, 447 N.E.2d at 972.) The State argues further that the officers need only have had a reasonably prudent belief that the defendant had committed the crime, based on their knowledge of the totality of facts and circumstances (*People v. Jackson* (1986), 145 Ill. App. 3d 789, 792, 495 N.E.2d 1359, 1361-62), and that their suspicion that defendant was the offender "must have been based on more substantial facts and circumstances than would support a mere hunch [under these facts and circumstances and], *** yet less substantial than those necessary to support a finding of probable cause to arrest" (*People v. McGowan* (1977), 69 Ill. 2d 73, 77-78, 370 N.E.2d 537, 539). The State asserts here that the trial court's finding that the officers had sufficient articulable suspicion to stop and then to search the defendant was not against the manifest weight of the evidence and should be affirmed by this court. *People v. Williams* (1974), 57 Ill. 2d 239, 311 N.E.2d 681.

■ The facts at the time of the stop, as found in the record, were that the defendant was a black male wearing a black leather coat and was in the company of another black male. Thus, the defendant here did fit the description of the offender that was simulcast to the officers. Additionally, the defendant was found one-half block east and one-half block south of the armed robbery site within three minutes of the simulcast. Moreover, as noted, the defendant was wearing a black leather coat, which had also been described in the simulcast. Ms. Potts admitted on cross-examination that McGee and his companion had arrived only minutes before the officers arrived. Under the totality of the circumstances here, the officers had the minimum articulable suspicion required under *Terry* and the criminal code, and, therefore, we cannot find that the trial court's denial of the defendant's motion to quash and suppress was against the weight of the evidence.

■ The second issue defendant raises here is whether he was denied due process and unfairly prejudiced when the State introduced evidence of his prior rape conviction. It is undisputed that the crime with which the defendant was charged, unlawful use of a weapon by a felon, requires the State to plead and prove that the defendant is a felon before a finding of guilt or innocence. (See Ill. Rev. Stat. 1985, ch. 38, par. 24—1.1; see also *People v. Palmer* (1984), 104 Ill. 2d 340, 472 N.E.2d 795; *People v. Vaughn* (1985), 136 Ill. App. 3d 342, 483 N.E.2d 417.) The record shows that the defendant's rape conviction was mentioned by both the State and the defense counsel in the opening statements and that a stipulation as to the crime was read to the jury by the prosecution in its case in chief. Additionally, the State

asked the defendant during cross-examination whether he, as a convicted felon, would ever carry a gun, to which the defendant replied in the negative. In closing arguments both sides mentioned the prior rape conviction: the State asked the jury whether they believed a convicted rapist was a credible witness; and the defense counsel told the jury that this was not a case about rape but about possession of a weapon, and argued that the gun was a "drop gun" used to provide an excuse to arrest McGee.

■■ The defendant argues that the prosecutor's statements unfairly highlighted his criminal background and gave rise to the inference that he must also be guilty of this crime. Defendant further contends that the unlawful use of firearms by felons statute (Ill. Rev. Stat. 1985, ch. 38, par. 24–1.1) results in a denial of due process under the United States Constitution because it does not permit limiting instructions to offset the admission of the prior conviction. Defendant, however, can point to no authority in support of his argument, did not request limiting instructions at trial, and did not object to the instructions given and, thus, has not preserved this argument for review. *People v. Washington* (1984), 127 Ill. App. 3d 365, 466 N.E.2d 1161.

■■ ■ In addition, contrary to the defendant's assertions, the record here does not show that either the State or the trial judge unfairly highlighted the defendant's prior felony conviction. Not only was the State required to plead and prove the felony, but, moreover, evidence of the prior crime became admissible when the defendant took the stand on his own behalf. (See *People v. Edwards* (1976), 63 Ill. 2d 134, 345 N.E.2d 496.) We also note that it is permissible for the prosecutor to comment on the evidence and draw reasonable inferences from it during closing argument, as was done. (See *People v. Hine* (1980), 88 Ill. App. 3d 671, 410 N.E.2d 1017.) Furthermore, the trial judge discussed the rape conviction during *voir dire* and excused all potential jurors who had family members who had been raped or were otherwise unable to make an impartial determination of the defendant's guilt because of his prior conviction. Finally, as stated above, the defendant did not object during trial to the prosecutor's statements concerning his prior felony, or to the instructions given to the jury, and did not specifically include these grounds in his motion for a new trial. Therefore, the defendant has also waived the issue for purposes of review. See *People v. Underhill* (1967), 38 Ill. 2d 245, 230 N.E.2d 837; *People v. Washington* (1984), 127 Ill. App. 3d 365, 466 N.E.2d 1161.

■■ However, even if we were to consider defendant's arguments, we are bound by our supreme court's decision in *People v. Edwards* (1976), 63 Ill. 2d 134, 345 N.E.2d 496, in which the court held that it

was error to instruct the jury to consider the prior conviction only in weighing the defendant's credibility, in a case such as this, because the prior conviction was "an element of the offense which must be proved by the State." (63 Ill. 2d at 140, 345 N.E.2d at 499.) Hence, we find no denial of due process in either the prosecutor's statements or the instructions given to the jury by the trial court.

■ ■ Lastly, defendant raises the issue of whether the unlawful use of firearms by a felon statute (Ill. Rev. Stat. 1985, ch. 38, par. 24—1.1) is constitutional. Defendant contends that the State did not have a rational basis for making a separate statutory classification for felons who use weapons where the unlawful use of [weapons] by a non-felon statute by a non-felon has the same elements of proof, but a charge of unlawful use of a weapon by a felon is a felony rather than a misdemeanor and has a higher penalty. (Ill. Rev. Stat. 1985, ch. 38, par. 24—1.) Although the defendant did not raise this issue at trial and did not do so with specificity in his motion for a new trial, the claimed error is of sufficient constitutional magnitude to avoid application of the waiver doctrine. A decision in defendant's favor here, however, would require this court to overrule our recent decision in *People v. Crawford* (1986), 145 Ill. App. 3d 318, 495 N.E.2d 1025, which we refuse to do.

McGee argues here, as did the defendant in *Crawford*, that the statute is "void because it is an arbitrary exercise of the State's police power, that he was denied equal protection and due process of law, and that the statute violates the doctrine of separation of powers." (145 Ill. App. 3d at 320, 495 N.E.2d at 1026.) As in the instant case, Crawford was charged with unlawful use of a firearm by a felon when he was arrested, upon a citizen complaint, with a .38 caliber, snub-nosed revolver in his waistband. In that case, we found the legislature's purpose in enacting a statute to deter possession of weapons by felons to be a proper exercise of the police power. (145 Ill. App. 3d at 321, 495 N.E.2d at 1027.) We also found the enhanced penalty attached to this statute was reasonably related to the perceived threat to public safety. Moreover, relying on the precedents of the United States Supreme Court and our own supreme court, we held in *Crawford*:

> "[A] person's constitutional rights are not denied where two different statutes prohibit the same criminal actions, require identical elements of proof and prescribe different punishments, thereby granting the prosecutor the discretion to select which offense to charge defendant. (*United States v. Batchelder* (1978), 442 U.S. 114, 60 L. Ed. 2d 755, 99 S. Ct. 2198; *People v. McCullough* (1974), 57 Ill. 2d 440, 313 N.E.2d 462, *appeal*

*dismissed* (1974), 419 U.S. 1043, 42 L. Ed. 2d 637, 95 S. Ct. 614.)" (*Crawford,* 145 Ill. App. 3d at 325, 495 N.E.2d at 1029.) The *Crawford* court further found no improper delegation of legislative power to the prosecutor, and noted that the State's Attorney has always enjoyed wide discretion in determining which charge shall be brought against an individual. (145 Ill. App. 3d at 326, 495 N.E.2d at 1030.) Defendant McGee has raised the same argument which we rejected in *Crawford* and, thus, we hold here, as we did there, that the unlawful use of firearms by a felon statute is constitutional.

For all of the above stated reasons, we find that the trial court properly denied defendant's motion to quash his arrest and suppress the evidence, and affirm the conviction entered on the jury verdict which found Larry McGee guilty of unlawful use of weapons by a felon.

Judgment affirmed.

CAMPBELL and MANNING, JJ., concur.