THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
HERMAN TERRY, Defendant-Appellant.

First District (3rd Division)   No. 85—2927

Opinion filed November 30, 1988.

Randolph N. Stone, Public Defender, of Chicago (Debra A. Zisook, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Joan E. Disis, and Elmer D. Ellis, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:

Defendant, Herman Terry, was convicted of unlawful possession of a firearm by a felon and sentenced to 2½ years in the Illinois Department of Corrections. On appeal, defendant argues that (1) the unlawful possession of firearms by felons statute is unconstitutional; (2) he was denied equal protection and due process when prosecuted under section 24—1.1 of the Criminal Code of 1961 (Ill. Rev. Stat.

1985, ch. 38, par. 24—1.1) for unlawful use of firearms by felons; and (3) the prosecutor's improper remarks in rebuttal closing argument denied defendant a fair and impartial trial. We affirm.

On September 7, 1984, defendant was arrested in front of the apartment building where he resided and charged with unlawful possession of a firearm.

At trial, police officers William Guest and Mike Stepney testified for the State. Their testimony was essentially that they were on routine patrol at about 8 p.m. on September 7, when they noticed several people drinking outside of the apartment building where defendant lived. Guest and Stepney parked their car in front of the building. As they exited their car, they observed several people drinking in the vestibule of the building. There were two streetlights near the building and a large overhead security light near the entrance to the building.

Guest was approximately four to five feet from defendant when defendant exited the building. Guest saw the butt of a gun protruding from the left side of defendant's waistband. Guest and Stepney drew their guns and ordered defendant to halt and drop the weapon. Defendant turned and walked away. When Guest again ordered defendant to halt and drop his weapon, defendant dropped the gun to the ground. When defendant turned around, Guest frisked defendant and placed him in the squad car.

Deborah Ann Brunson testified for the defense. She testified that she lived in the same building as defendant on September 7, 1984. Brunson testified that along with her, there were approximately 15 to 20 people standing outside of the building. She saw defendant and his wife approach the building with grocery store bags in their hands. When defendant entered the vestibule, someone called out to him from a parked car across the street. Defendant then placed his bags on the ground and walked over to the car. Brunson further testified that a police car approached defendant, shined a light on the parked car and ordered defendant to step away. One of the officers ordered the people out of the car and patted them down. Defendant was also searched and patted down. Defendant was then handcuffed and placed into the squad car. According to Brunson, the gun that was recovered was found under the car on the driver's side. She also testified that defendant was in the police car when the weapon was found.

The gun that was found was a .22 caliber revolver with a blue-steel barrel cylinder. By way of stipulation, defendant's 1976 burglary conviction was offered into evidence.

Following deliberation, the jury found defendant guilty of unlawful possession of a firearm by a felon. This appeal followed.

■ Initially defendant argues that the unlawful possession of firearms by felons statute must be declared void because it (1) sweeps too broadly in encompassing activity which is wholly innocent; (2) bears no reasonable relationship to the interest the State seeks to protect; and (3) is an arbitrary exercise of the State's police power. Defendant also contends that he was denied equal protection and due process when prosecuted under section 24—1.1 of the Criminal Code for unlawful use of firearms by felons, which is similar to section 24—3.1 of the Criminal Code for unlawful possession of firearms and firearm ammunition. It is defendant's position that although both statutes embody the identical elements of proof, section 24—1.1 provides for a more severe penalty than does section 24—3.1. Thus, his prosecution under section 24—1.1 violates the doctrine of separation of powers by giving unlimited discretion to the prosecutor to choose under which statute to proceed. We disagree.

The recent case of *People v. Crawford* (1986), 145 Ill. App. 3d 318, 495 N.E.2d 1025, is dispositive of defendant's contentions. The identical issues raised herein by defendant were thoroughly addressed in *Crawford*. We held that the unlawful possession of firearms by felons statute is not unconstitutional nor is prosecution under it a violation of a defendant's equal protection and due process rights. Accordingly, under the mandates of *Crawford* defendant's arguments must fail.

Next defendant argues that because the prosecutor's comments drew attention to the fact that defendant did not testify, he was deprived of his right to a fair and impartial trial. We disagree.

■ The test for determining whether a defendant's right to remain silent has been violated is whether any reference to such was calculated to direct the attention of the jury to the defendant's failure to avail himself of his legal right to testify. *People v. Cooper* (1985), 136 Ill. App. 3d 517, 522, 483 N.E.2d 309, 312.

In the instant case, the conduct complained of by defendant involved the following:

"THE STATE: There's been no testimony for the defendant in this case.

* * *

There were numerous people available to counsel. The defendant was right at the scene there. His friends were at the scene there."

■ We find that the prosecutors comment was not calculated to

direct the attention of the jury to the fact that defendant did not testify. As the trial court correctly observed, these comments made by the prosecutor were invited by statements made by the defense. The prosecutor's comments were preceded by this statement from the defense:

"DEFENSE: You have been told, ladies and gentlemen, *** before this case started and Judge Hall will tell you again verbally and in writing, the fact that Herman Terry has been convicted of a crime on a prior occasion, that evidence is admissible insofar as his case is concerned in order to prove up an element of their case and to allow you to make a determination of what weight to attach to his case. Now you say, 'He ain't testified. We can't attach it to what he says.' But he has. As I told you in opening statement, he said, 'I didn't do this.'

THE STATE: Objection. Objection. There's been no testimony from the defendant your Honor."

■ The comments defendant labels as improper were made by the State in direct rebuttal to a statement made by the defense. The defense in its closing argument stated that although defendant did not testify, the jury was told in the defense's opening statement that defendant said he "didn't do this." If a prosecutor's comments and arguments are invited by remarks made by the defense, the defendant cannot claim prejudice by those remarks. (*People v. Perez* (1983), 113 Ill. App. 3d 143, 149, 446 N.E.2d 1229, 1234.) Thus we find that instances of prosecutorial misconduct cited by defendant meritless.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

WHITE, P.J., and FREEMAN, J., concur.