THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DAVELL JACKSON, Defendant-Appellee.

First District (5th Division)   No. 1—93—1185

Opinion filed February 3, 1995.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Veronica Ximena Calderon, and Roger A. Malavia, Assistant State's Attorneys, of counsel), for the People.

Rita A. Fry, Public Defender, of Chicago (Carol J. Milder, Assistant Public Defender, of counsel), for appellee.

PRESIDING JUSTICE COUSINS delivered the opinion of the court:

Davell Jackson (defendant) was charged with unlawful use of weapons and ammunition by a felon, in violation of section 24—1.1 of the Criminal Code of 1961. (720 ILCS 5/24—1.1 (West 1992).) Prior to jury selection, defendant filed a motion to bar introduction of his felony conviction to the jury, based on section 111—3(c) of the Code of Criminal Procedure of 1963. (725 ILCS 5/111—3(c) (West 1992).) The State argued that section 111—3(c) did not apply because the felony conviction was an essential element to convict under section 24—1.1 and not a mere sentence enhancement where section 111—3(c) would be applicable. Following arguments, the court granted defendant's motion upon the condition that defendant stipulate the prior conviction to the trial judge only, outside of the presence of the jury. The State brings an interlocutory appeal of the order granting defendant's motion.

We reverse and remand.

## BACKGROUND

On October 23, 1992, defendant was arrested for unlawful possession of a weapon. On November 6, 1992, defendant was charged by information under section 24—1.1 for unlawful use of weapons and ammunition by a felon. (720 ILCS 5/24—1.1 (West 1992).) The information alleged that Davell Jackson:

"knowingly possessed on and about his person, a firearm and ammunition, after having been convicted of the felony offense of possession of a stolen vehicle, in violation of Chapter 38, Section 24—1.1(A) of the Illinois Revised Statutes 1989 as amended."

Defendant filed a motion to bar introduction of his felony conviction to the jury. The motion was based on section 111—3(c) of the Code of Criminal Procedure, an amendment to section 111—3 effective July 1, 1990. (725 ILCS 5/111—3(c) (West 1992).) Section 111—3(c) states:

"When the State seeks an enhanced sentence because of a prior conviction, the charge shall also state the intention to seek an enhanced sentence and shall state such prior conviction so as to give notice to the defendant. However, the fact of such prior conviction and the State's intention to seek an enhanced sentence are not elements of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial. For the purposes of this Section, 'enhanced sentence' means a sentence which is increased by a prior conviction from one classification of offense to another higher level classification of offense ***." 725 ILCS 5/111—3(c) (West 1992).

The trial court granted the motion. The court held that section 111—3(c) applied to section 24—1.1 as an enhanced sentence to section 24—1 (720 ILCS 5/24—1 (West 1992)), governing unlawful use of weapons by nonfelons. The trial court directed that section 111—3(c) required that the phrase "after having been convicted of a felony offense of possession of a stolen vehicle" could not be presented to the jury. Instead, the court allowed the defendant to stipulate outside the presence of the jury that he had been convicted of a felony offense. The court relied on *People v. Bowman* (1991), 221 Ill. App. 3d 663, 583 N.E.2d 114, which held that section 111—3(c) applied to trials where the defendant was accused of driving while license revoked (DWR) and faced an enhanced sentence for a previous DWR conviction.

The prosecution filed a certificate of impairment to appeal the trial court's ruling. Thereafter, the court made the following statement:

"THE COURT: The Court takes the position that there was no suppression of evidence by the Court, there's been no impairment of the prosecution of the charge of unlawful possession of a weapon on or about his person in a vehicle, which is the charge pending before the jury. This is clearly a case of enhancement of the charge which is covered by 111—3.

The Court reluctantly has to go further and state for the Record

that the Court feels that this conduct by State's Attorney Edward Ronkowski, the first chair in this court, is in retaliation because last week this Court granted a motion for directed verdict on a jury."

OPINION

I

■ Defendant contends that this appeal should be dismissed because the State was not substantially impaired in its ability to prosecute this case. Supreme Court Rule 604(a)(1) (134 Ill. 2d R. 604(a)(1)) allows an interlocutory appeal by the State whenever the prosecutor certifies to the trial court that the suppression substantially impairs the State's ability to prosecute the case. (*People v. Young* (1980), 82 Ill. 2d 234, 247, 412 N.E.2d 501.) Although the trial court's view was that section 111—3(c) applied, the State disagreed. A good-faith evaluation by the prosecution of the impact of the suppression order is sufficient to meet its burden. *People v. Keith* (1992), 148 Ill. 2d 32, 40, 591 N.E.2d 449; *Young*, 82 Ill. 2d at 247.

The trial court questioned the good faith of the prosecutor. However, the prosecutor in this case certified that the State's ability to prosecute would be substantially impaired. In the *Young* case, the Illinois Supreme Court stated:

"[W]e rely solely upon the good-faith evaluation by the prosecutor of the impact of the suppression order on his case. *** [W]e believe that the State's need to allocate its heavily taxed resources in the most productive manner will naturally limit appeals to those orders which substantially impair its ability to prosecute its case." (*Young*, 82 Ill. 2d at 247-48.)

Thus, we will also rely solely on the good-faith evaluation of the prosecutor and grant jurisdiction for this appeal. See *Keith*, 148 Ill. 2d at 40.

In addition, the prosecution clearly was impaired in the instant case. The burden of presenting evidence sufficient to convict beyond a reasonable doubt rests with the prosecution. Presenting proof to the jury of defendant's felony conviction is a required element to convict for unlawful possession under section 24—1.1. (*People v. Moore* (1994), 264 Ill. App. 3d 901, 912, 637 N.E.2d 1115; *People v. Smith* (1992), 148 Ill. 2d 454, 464, 595 N.E.2d 533; *People v. Palmer* (1984), 104 Ill. 2d 340, 344, 472 N.E.2d 795.) Accordingly, we hold that this appeal is properly before this court. See *Keith*, 148 Ill. 2d at 39-40.

II

■ The trial court held that section 111—3(c) applied to section

24—1.1. We disagree, because the State in charging under section 24—1.1 is not seeking an "enhanced sentence" as defined in section 111—3(c). Section 111—3(c) applies when the State seeks an enhanced sentence because of a prior felony conviction, defining "enhanced sentence" as "a sentence which is increased by a prior conviction from one classification of offense to another higher level classification of offense." (725 ILCS 5/111—3(c) (West 1992).) In the instant case, section 24—1.1 is not an enhanced sentence of section 24—1 but a completely separate offense. The Illinois Supreme Court carefully scrutinized this issue in *People v. Gonzalez* (1992), 151 Ill. 2d 79, 600 N.E.2d 1189, and concluded:

"[S]ections 24—1 and 24—1.1 create separate, independent offenses. In enacting section 24—1.1, the legislature determined that it should be a crime for a felon to possess *any* firearm, in *any* situation. In enacting section 24—1, the legislature decided that it should be criminal *** to possess *certain* weapons in *certain, defined manners*. Accordingly, under this scheme, it is *always* a felony offense for a *felon* to possess a firearm even though a non-felon who possesses the same firearm in the same manner may be guilty of only a misdemeanor or of no crime at all, depending on the facts.

We therefore conclude that section 24—1.1 is *not* merely an 'upgraded' version of the offense created by section 24—1; rather, it is a separate, distinct offense. The fact that the offender must be a convicted felon is merely an element of the crime, it is not an 'enhancement' provision. Defendant's contention that his crime was a felony solely because it was 'upgraded' or 'enhanced' is therefore incorrect." (Emphasis in original.) (*Gonzalez*, 151 Ill. 2d at 87-88.)

Thus, because the State was not seeking an enhanced sentence in charging under section 24—1.1, section 111—3(c) does not apply in the instant matter.

Moreover, even after section 111—3(c) became effective, the Illinois Supreme Court and this court have held that presenting proof to the jury of a defendant's felony conviction is a required element to convict for unlawful possession under section 24—1.1. (*Moore*, 264 Ill. App. 3d at 912; *Smith*, 148 Ill. 2d at 464; *People v. Mitchell* (1992), 234 Ill. App. 3d 912, 601 N.E.2d 916.) Defendant claims that it is unfair to introduce evidence of a prior conviction. However, a statute is to be interpreted and applied in the manner in which it is written, when permissible to do so under the Constitution, and is not to be rewritten by a court in an effort to render it consistent with the court's view of sound public policy. *People v. Lewis* (1994), 158 Ill. 2d 386, 391, 634 N.E.2d 717.

The case relied on by defendant and the trial court, *Bowman*, is inapposite to the instant matter. *Bowman* held that section 111—3(c) applied to the sentence enhancement procedure of a DWR conviction under section 6—303(d) of the Illinois Vehicle Code. (625 ILCS 5/6—303(d) (West 1992).) However, section 6—303(a) contains all the necessary elements to convict for DWR, whereas section 6—303(d) is purely a sentence enhancement procedure that can be considered only at the sentencing hearing. (See *Bowman*, 221 Ill. App. 3d at 666.) *Bowman* did not analyze a situation where the prior conviction was a necessary element to convict, and that case is not applicable to section 24—1.1 and this appeal.

### III

■ Defendant argues that section 24—1.1 is unconstitutional because it violates both his equal protection and due process rights. All statutes are presumed constitutional, and the party challenging a statute has the burden of clearly establishing the alleged constitutional violations. (*People v. R.L.* (1994), 158 Ill. 2d 432, 437, 634 N.E.2d 733.) A court must construe a statute so as to uphold the statute's constitutionality and validity if reasonably possible. (*R.L.*, 158 Ill. 2d at 437.) If the statute's construction is doubtful, a court will resolve the doubt in favor of the statute's validity. *R.L.*, 158 Ill. 2d at 437.

A court uses the same analysis in assessing equal protection claims under both the Federal and State Constitutions. (*People v. Reed* (1992), 148 Ill. 2d 1, 7, 591 N.E.2d 455.) Equal protection requires that government deal with "similarly situated" individuals in a similar manner. (*Reed*, 148 Ill. 2d at 7.) The equal protection clauses of the United States and Illinois Constitutions do not deny the State the power to draw lines that treat different classes of people differently. (*People v. Shephard* (1992), 152 Ill. 2d 489, 499, 605 N.E.2d 518.) However, the guarantee of equal protection prohibits the State from according unequal treatment to persons placed by a statute into different classes for reasons wholly unrelated to the purpose of the legislation. *Shephard*, 152 Ill. 2d at 499.

A law that does not implicate either a suspect classification or a fundamental right is subject to rational basis review. (*Shephard*, 152 Ill. 2d at 500.) As defendant admits, the rational basis test is the appropriate standard in the instant case under its classification by an individual's criminal history. An equal protection challenge governed by the rational basis standard is limited; if any state of facts may be reasonably conceived to justify its enactment, the statute must be upheld. *Reed*, 148 Ill. 2d at 8.

It is constitutional to classify and distinguish felons in the context

of firearm possession. The State has a legitimate public safety purpose in keeping firearms from convicted felons. (*People v. McGee* (1987), 165 Ill. App. 3d 833, 840, 520 N.E.2d 836; *People v. Crawford* (1986), 145 Ill. App. 3d 318, 321, 495 N.E.2d 1025.) Section 24—1.1 bears a rational relationship to this goal by deterring possession by felons, and thus the statute meets constitutional requirements. *McGee*, 165 Ill. App. 3d at 840; *Crawford*, 145 Ill. App. 3d at 321-22.

Moreover, the law has not laid an "unequal hand" by providing separate penalties for section 24—1 and section 24—1.1. As stated *supra*, sections 24—1 and 24—1.1 contain different elements and are completely separate offenses. (*Gonzalez*, 151 Ill. 2d at 87-88.) Although there is some overlap, because the sections proscribe distinctly different conduct with different specific penalties, there is no violation of the equal protection clause. See *People v. Robinson* (1994), 265 Ill. App. 3d 882, 888, 637 N.E.2d 1147.

Defendant also argues that section 24—1.1 is an unreasonable and arbitrary exercise of the State's police power, in violation of the due process guarantees of the State and Federal Constitutions. Defendant contends that strict scrutiny should be applied because a "liberty" right is at stake. However, personal liberty deprived by lawful incarceration is not a fundamental right. (*Shephard*, 152 Ill. 2d at 502.) Although the language used to describe the standards may differ slightly, the standards for validity under the due process and equal protection clauses are identical. (*Reed*, 148 Ill. 2d at 11.) Thus, just as in equal protection analysis, legislation challenged on due process grounds will be upheld if it bears a rational relationship to a legitimate State purpose. *Reed*, 148 Ill. 2d at 11.

As stated previously, the statute bears a rational relationship to the legitimate State purpose of keeping firearms from convicted felons. (*McGee*, 165 Ill. App. 3d at 840; *Crawford*, 145 Ill. App. 3d at 321-22.) In addition, bringing allegation and proof of a prior conviction to a jury as elements of an offense does not offend due process rights to a fair trial. (*Palmer*, 104 Ill. 2d at 344; *Spencer v. Texas* (1967), 385 U.S. 554, 566-67, 17 L. Ed. 2d 606, 615-16, 87 S. Ct. 648, 655.) Accordingly, section 24—1.1 does not violate the due process guarantees of either the Federal or State Constitution.

For the foregoing reasons, the trial court's order granting defendant's motion is reversed and set aside, and the cause is remanded for further proceedings in accordance herewith.

Reversed and remanded.

McNULTY and T. O'BRIEN, JJ., concur.