2024 IL App (1st) 221919-U

No. 1-22-1919

Order filed March 27, 2024

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20 CR 6619 |
| | ) | |
| DONDRE YOUNG, | ) | Honorable |
| | ) | Joseph M. Claps, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE MITCHELL delivered the judgment of the court.
Justice Lyle and Justice Navarro concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's sentence of seven years and three months for unlawful use or possession of a weapon by a felon is affirmed where the circuit court did not abuse its discretion.

¶ 2    Following a bench trial, defendant Dondre Young was convicted of unlawful use or possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2020)) and sentenced to an extended term of seven years and three months' imprisonment. On appeal, defendant concedes that his challenge to the excessiveness of his sentence was not preserved because he failed to file a motion to reconsider sentence. However, defendant contends that this issue can still be heard on appeal because the circuit court committed plain error by imposing an excessive sentence without

giving adequate consideration to the nature of the offense and his mitigation evidence, and his trial counsel was ineffective for not preserving the issue. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4     Defendant Dondre Young was convicted of the Class 3 offense of unlawful use or possession of a weapon by a felon (UUWF) after a bench trial. Defendant had been arrested after police officers encountered him while he was in possession of a loaded black handgun. Defendant was on parole at the time he was arrested. Defendant filed a motion for a new trial which the circuit court denied.

¶ 5     The presentence investigation (PSI) report indicated that defendant was 25 years old on the date of the offense and had four prior adult felony convictions: aggravated battery to a peace officer in 2018 (3 years' imprisonment), aggravated stalking in 2015 (3 years' imprisonment), aggravated battery to a correctional officer in 2014 (3 years' imprisonment), and possession of a controlled substance in 2013 (2 years' probation and 120 days' jail). While on probation for possession of a controlled substance, defendant was also convicted of misdemeanor theft, for which he was sentenced to 18 months' probation. While he was on theft probation, he was convicted of domestic battery and violation of an order of protection and sentenced to 75 days' jail. Defendant was also found guilty of juvenile retail theft and sentenced to probation.

¶ 6     In aggravation, the State argued that defendant was subject to an extended-term sentence based on his criminal background, the fact that he was on parole for another felony at the time of the offense, the need for general deterrence given the amount of violence and firearm possession in Chicago, and the facts in this case including that defendant gave testimony which the circuit court found untruthful.

¶ 7    In mitigation, defense counsel asked for three years' imprisonment. Defense counsel argued that defendant had been out of custody for some time, followed the court's orders, and accepted responsibility. Counsel noted that defendant had a support system including his girlfriend who attended every court date. Counsel posited that defendant is "not a violent offender" and submitted three letters written by defendant's mother and two family friends.[1] Additionally, defense counsel argued that defendant's mother would employ him in her youth organization.

¶ 8    In allocution, defendant stated that he accepted his "responsibilities" and his "consequences." Defendant further stated that he had been before the court for the last two and a half years; had stayed out of trouble; and did not have electronic monitoring violations, new arrests, or new cases. He stated that he was learning from his mistakes and had a job waiting for him, and he apologized.

¶ 9    The circuit court stated that it had "considered the factors in mitigation and aggravation; the PSI, the fact that [defendant] was on parole [at the time of the offense], and his performance while on Pretrial Services." The circuit court noted that defendant had a criminal background which made an extended sentencing range of 5 to 10 years' imprisonment appropriate. The court sentenced defendant to seven years and three months' imprisonment.

¶ 10    Defendant did not file a motion to reconsider his sentence. This timely appeal followed. Ill. S. Ct. R. 603 (eff. Feb. 6, 2013); Ill. S. Ct. R. 606 (eff. Dec. 7, 2023).

¶ 11                                II. ANALYSIS

¶ 12    Defendant argues that the circuit court abused its discretion in sentencing him to seven years and three months in prison because the sentence is excessive in light of the nature of the

---

[1] The mitigation letters were neither impounded nor read into the record.

offense and the evidence in mitigation. Sentencing is within the sound discretion of the circuit court, and, absent an abuse of discretion, the circuit court's decision will not be reversed on appeal. *People v. Kindle*, 2021 IL App (1st) 190484, ¶ 66. An abuse of discretion exists where a sentence is at great variance "with the spirit and purpose of the law" or is "manifestly disproportionate to the nature of the offense." *People v. Alexander*, 239 Ill. 2d 205, 212 (2010).

¶ 13    Defendant acknowledges that he has forfeited this issue on appeal because he did not file a motion to reconsider his sentence. *People v. Hillier*, 237 Ill. 2d 539, 544 (2010). However, he requests that this court review his sentence as a matter of plain error or ineffective assistance of counsel.

¶ 14    The plain error doctrine is a limited exception to the general forfeiture rule. *People v. Herron*, 215 Ill. 2d 167, 177 (2005); Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967). For the plain error doctrine to apply, defendant must show that clear or obvious error occurred and either (1) the evidence was closely balanced, or (2) the fundamental fairness of his sentencing hearing was affected by the error. *People v. Sebby*, 2017 IL 119445, ¶ 48. Therefore, the first question under the plain error doctrine is whether a clear or obvious error occurred. *Id*. ¶ 49. "Absent reversible error, there can be no plain error." *People v. Cosby*, 231 Ill. 2d 262, 273 (2008).

¶ 15    UUWF, absent certain predicate felony convictions, is a Class 3 felony with a normal sentencing range of 2 to 10 years' imprisonment. 720 ILCS 5/24-1.1(e) (West 2020). When, as here, a defendant was convicted of a felony and within the last 10 years was convicted of the same or greater class felony, an extended-term sentence may be imposed. 730 ILCS 5/5-5-3.2(b)(1) (West 2020); see also 720 ILCS 5/12-3.05(d)(4), (h) (West 2020) (aggravated battery to a peace officer or correctional institution employee is a Class 2 felony); 720 ILCS 5/12-7.4(b)

(West 2020) (aggravated stalking is a Class 3 felony). The extended range for a Class 3 felony is 5 to 10 years' imprisonment. 730 ILCS 5/5-4.5-40(a) (West 2020).

¶ 16    Here, we find no abuse of discretion by the circuit court in sentencing defendant to an extended term of seven years and three months' imprisonment, which falls in the middle of the statutory extended range for UUWF. The circuit court stated at sentencing that it considered the factors in aggravation and mitigation, the PSI report, the fact that defendant was on parole at the time of the offense, and his performance on pretrial services. The circuit court remarked that defendant had a lengthy criminal background which, per the PSI report, started from when he was a juvenile and continued into adulthood. Moreover, contrary to what defendant argues, he has a history of non-compliance with terms set by the justice system as evidenced by his lack of compliance with parole, his possession of a firearm while a convicted felon on parole in this case, and his history of new arrests and convictions while on probation. Viewing these circumstances together, we cannot say the court abused its discretion in sentencing defendant.

¶ 17    Defendant's argument that the circuit court failed to give adequate consideration to the mitigation evidence, such as his ability to turn his life around, close family ties, and compliance on electronic monitoring for two and a half years, and to his rehabilitative potential is unpersuasive. Much of this mitigating evidence was set forth in the PSI report, which was argued before the circuit court and which the circuit court is presumed to have considered. *People v. Downing*, 2019 IL App (1st) 170329, ¶ 20. The circuit court is not required to explicitly outline its reasoning for sentencing, and the reviewing court presumes that the court considered all mitigating factors on the record absent some affirmative indication to the contrary other than the sentence itself. *People v. Jones*, 2014 IL App (1st) 120927, ¶ 55. Moreover, the circuit court need not give the defendant's

potential for rehabilitation greater weight than the seriousness of the offense. *People v. Anderson*, 325 Ill. App. 3d 624, 637 (2001). We must presume the circuit court properly considered the mitigating factors before it, as it expressly stated it had done, and defendant has not met his burden in defeating this presumption. *People v. Brazziel*, 406 Ill. App. 3d 412, 434 (2010).

¶ 18    Defendant argues that the crime for which he was convicted was mere firearm possession, and by not brandishing the firearm and dropping it in the alley, his actions were not dangerous. However, "[t]he purpose of the UUWF statute 'is to protect the health and safety of the public by deterring possession of weapons by convicted felons, a class of persons that the legislature has determined presents a higher risk of danger to the public when in possession of a weapon.' " *People v. Garvin*, 2013 IL App (1st) 113095, ¶ 14 (quoting *People v. Crawford*, 145 Ill. App. 3d 318, 321 (1986)). The need to protect society and the need for deterrence are proper considerations when fashioning an appropriate sentence. *People v. Castillo*, 372 Ill. App. 3d 11, 22 (2007).

¶ 19    Finally, defendant notes that his prior felonies were committed when he was 17, 19, and 21 years old, but he develops no legal argument and cites no authority related to this point. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020); *Brown v. Tenney*, 125 Ill. 2d 348, 362 (1988) ("[a] point not argued or supported by citation to relevant authority *** is *** waived."). Further, this information was contained within the PSI report, which the circuit court said it considered.

¶ 20    This court will not reweigh the sentencing factors or substitute our judgment for that of the circuit court. *Alexander*, 239 Ill. 2d at 213. Based on the record, we cannot say that the sentence imposed by the circuit court is excessive or that the court abused its discretion. Therefore, defendant cannot establish plain error. *People v. Naylor*, 229 Ill. 2d 584, 602 (2008). Because there was no error, we need not address defendant's alternative argument that his defense counsel was

ineffective for failing to preserve the sentencing issue. *People v. Jaimes*, 2019 IL App (1st) 142736, ¶ 58.

¶ 21                                III. CONCLUSION

¶ 22    The judgment of the circuit court of Cook County is affirmed.

¶ 23    Affirmed.