THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GERALD F. BOWMAN, Defendant-Appellant.
Fourth District   No. 4—91—0386

Opinion filed December 5, 1991.

Daniel D. Yuhas and Judith L. Libby, both of State Appellate Defender's Office, of Springfield, for appellant.

Carol Pope, State's Attorney, of Petersburg (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Defendant Gerald Bowman was found guilty after a jury trial in the circuit court of Menard County of driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501(a)(2)) and the enhanced offense of driving while license revoked with a prior license revoked conviction (EDWR), the original revocation having resulted from a conviction for DUI (Ill. Rev. Stat. 1989, ch. 95½, par. 6—303(d)). Defendant was sentenced to 2 years' probation and 90 days in jail on the DUI, and a concurrent sentence of 2 years' imprisonment in the Illinois Department of Corrections on the EDWR. Defendant appeals, contending the State failed to prove, and the jury was not instructed regarding, one of the elements of the offense, *i.e.*, that defendant's revocation rested upon a prior conviction for DUI. We disagree and affirm.

While the facts at trial were in dispute, the defendant here asks only that his felony conviction on the EDWR charge be reversed and reduced to a misdemeanor. An extended drinking spree began at 11 a.m. on July 14, 1990, and ended at approximately 2 a.m. on July 15, 1990, when a rescue squad found defendant's vehicle in a ditch on a rural road with the intoxicated defendant behind the wheel, and an unresponsive or unconscious passenger. Defendant's theory of the case was that he had not been the driver of the vehicle. After a jury trial, defendant was found guilty of one count of DUI and of EDWR.

Prior to jury selection and trial, at a conference on the record, the trial judge, the prosecutor, and defense counsel discussed the procedural approach to the case. The prosecutor indicated an ability to prove defendant's revocation based on a DUI, and a later driving while license revoked (DWR) conviction based on the earlier DUI rev-

ocation. The prosecutor suggested the prior DUI not be disclosed to the jury so as to not prejudice the defendant. Defense counsel agreed the Secretary of State driver's abstract for defendant showed his prior revocation, the fact the revocation was based on a DUI conviction, and a subsequent DWR conviction with the underlying revocation having resulted from the DUI.

The prosecutor and defense counsel agreed to admit into evidence only that part of the driving record abstract that showed defendant's license was revoked on July 14 and July 15, 1990. The reason for the prior revocation and the conviction for DWR would not be read to the jury as part of the charges, nor would the jury be instructed on those matters. Defense counsel was quite clear in her desire to agree to this procedure, and to have only a single page of defendant's driving record abstract disclosed to the jury. Both counsel and the trial judge agreed this procedure would be to defendant's advantage. The prosecutor indicated her willingness to proceed in this fashion as long as there was agreement, so that on appeal no one could say she did not prove all elements of the offense.

This pretrial conference prompted an agreement to attempt to prove to the jury only that defendant's driver's license was revoked on July 14 and 15, but not that his prior DUI was the basis for his revocation, and that he had a prior DWR conviction based thereon. The jury instructions would be similarly tailored to reflect this stipulation. Then, if a sentencing hearing was necessary, the entire abstract and certified copies of court documents from another county would be introduced to enhance the present DWR to a felony.

The trial proceeded in accord with the stipulation, and after a finding of guilty, the additional information was formally introduced at sentencing to enhance the defendant's DWR conviction from a misdemeanor to a felony.

In 1988, this court concluded that a prior DUI offense which results in the revocation of a person's license is an element of the EDWR offense found in section 6—303(d) of the Illinois Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, par. 6—303(d)). We found it was incumbent on the State to prove the defendant committed the prior DUI as well as a prior DWR based thereon to get a section 6—303(d) felony conviction. We further ruled the trial court must properly instruct the jury regarding all elements of the crime charged. *People v. Roby* (1988), 172 Ill. App. 3d 1060, 527 N.E.2d 623.

The jury here did not receive any evidence of the reason for defendant's revocation or his prior DWR conviction. This was a deliberate plan on the part of defense counsel, the prosecutor, and the trial

judge. The question presented is whether this plan—apparently to benefit defendant—runs afoul of our decision in *Roby*, or was error for any reason.

■ First, defendant cannot participate in an agreement and stipulation which accrues to his benefit, and then complain on review about the inevitable result of the agreement. He invited or agreed to the procedure and is now estopped from asserting it as error. See *People v. Heard* (1947), 396 Ill. 215, 219-20, 71 N.E.2d 321, 323; *People v. Satterfield* (1990), 195 Ill. App. 3d 1087, 552 N.E.2d 1382; *People v. Hall* (1986), 145 Ill. App. 3d 873, 495 N.E.2d 1379.

■ Second, we conclude *Roby* is no longer good law, and the procedure followed by trial counsel and the trial court was both correct, albeit for the wrong reasons, and required by section 111—3(c) of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 111—3(c)).

Effective July 1, 1990, section 111—3 was amended by the addition of subsection (c), which reads as follows:

"When the State seeks an enhanced sentence because of a prior conviction, the charge shall also state the intention to seek an enhanced sentence and shall state such prior conviction so as to give notice to the defendant. However, the fact of such prior conviction and the State's intention to seek an enhanced sentence are not elements of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial. For the purposes of this Section, 'enhanced sentence' means a sentence which is increased by a prior conviction from one classification of offense to another higher level classification of offense set forth in Section 5—5—1 of the 'Unified Code of Corrections', approved July 26, 1972, as amended; it does not include an increase in the sentence applied within the same level of classification of offense." Ill. Rev. Stat. 1989, ch. 38, par. 111—3(c).

The offense defendant committed occurred on July 15, 1990, two weeks after subsection (c) became effective. The jury was not told of the prior DWR or the DUI. Instead, the trial court considered the prior convictions for DWR and DUI at the sentencing hearing and then properly imposed an enhanced sentence.

Affirmed.

GREEN, P.J., and STEIGMANN, J., concur.