2022 IL App (2d) 200038-U
No. 2-20-0038
Order filed April 13, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 18-CF-3001 |
| JERRY BENSON, | ) ) ) | Honorable Jeffrey S. MacKay, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BIRKETT delivered the judgment of the court.
Justices McLaren and Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*: The invited error doctrine barred defendant's argument that he was not proved guilty of aggravated driving under the influence (DUI) because the State failed to prove at trial the aggravating factor that his license was subject to a statutory summary suspension at the time of the DUI. Defendant had successfully moved before trial to preclude the State from mentioning the basis of the suspension. Therefore, he was estopped from challenging the failure to prove the aggravating factor.

¶ 2    Defendant, Jerry Benson, appeals from his conviction, following a jury trial, of aggravated driving under the influence (DUI), a Class 4 felony (625 ILCS 5/11-501(a)(2), (d)(1)(G), (d)(2)(A) (West 2018)). Defendant argues that his conviction should be reduced to misdemeanor DUI

because the State failed to prove the aggravating factor—that defendant committed the offense while his license was suspended based on a violation of section 11-501.1(a) of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/11-501.1(a) (West 2018))—at trial beyond a reasonable doubt. We hold that, because defendant expressly invited and acquiesced to the claimed error, he is estopped from challenging it on appeal. We thus affirm.

¶ 3                              I. BACKGROUND

¶ 4      On January 22, 2019, defendant was indicted on one count of aggravated DUI. *Id.* §§ 11-501(a)(2), (d)(1)(G), (d)(2)(A). On May 23, 2019, defendant was indicted on a second count of aggravated DUI. *Id.* §§ 11-501(a)(1), (d)(1)(G), (d)(2)(A). The first count alleged that defendant "drove or was in actual physical control of a motor vehicle *** while defendant was under the influence of alcohol." The second count alleged that defendant "drove or was in actual physical control of a motor vehicle *** while the alcohol concentration in his blood or breath [(BAC)] was .16 or more." Each count also alleged, as an aggravating factor, that defendant committed the offense "at a time when the defendant's driver's license or privilege to operate a motor vehicle was suspended, where the suspension was based on a violation of 625 ILCS 5/11-501.1(a) [(West 2018)]." (Section 11-501.1 of the Vehicle Code concerns statutory driver's license suspensions. See *id.*) In addition to two counts of aggravated DUI, defendant was charged by complaint with driving while his license was suspended (625 ILCS 5/6-303 (West 2018)). The charges stemmed from defendant's actions on December 30, 2018.

¶ 5      Prior to trial, defendant filed two motions *in limine*. In defendant's "Motion *In Limine* #1", defendant asked, in paragraph six, "[t]hat the State's Attorney or any of the State's witnesses be barred from referencing any criminal history of the Defendant." In defendant's "Motion *In Limine* #2", defendant asked, in paragraph one, "[t]hat the State be barred from introducing evidence of

the basis for Defendant's license being suspended or revoked. That information is irrelevant and more prejudicial than probative."

¶ 6　　At the hearing on defendant's motions, the trial court granted defendant's first motion *in limine* with no objection from the State. Thereafter, the following colloquy occurred as to paragraph one of defendant's second motion *in limine*:

　　　　"THE COURT: ***

　　　　All right. [Defendant's] Motion *in Limine* No. 2, Paragraph 1, which deals with the Defendant's driver's license—And it's suspended for a DUI or a statutory summary suspension?

　　　　MS. NEVDAL [(DEFENSE COUNSEL)]: It's a statutory summary suspension, Judge.

　　　　THE COURT: All right. Ms. Barsanti.

　　　　MS. BARSANTI [(ASSISTANT STATE'S ATTORNEY)]: Judge, I looked at the abstract yesterday and I redacted the part where it says statutory summary; so it would just say SUSP on 12/30 of 2018. I have a copy if both sides want to see it. I mean, I think we have to introduce a certified copy of the Defendant's driving abstract. I don't have an objection to not getting into it. I was more concerned, I guess, about providing that as evidence.

　　　　THE COURT: All right. And I don't want to speak for [defense counsel], but I don't think she's talking about that. I think she's talking about during testimony.

　　　　Is that correct?

　　　　MS. NEVDAL: That's correct.

　　　　THE COURT: All right. Any objection to—

MS. BARSANTI: I don't have any objection to that. I guess, I'd just ask that we address that as well, the abstract, because we have to enter a certified copy of the Defendant's driving abstract and it says on that page, 'Statutory Summary Suspension.'

THE COURT: But that doesn't go back to the jury.

MS. BARSANTI: Okay.

THE COURT: That's just for sentencing purposes.

MS. BARSANTI: Okay.

THE COURT: Okay. So no objection to Count 1—

MS. BARSANTI: No.

THE COURT: —excuse me—Paragraph 1.

Okay. Paragraph 2—And [defense counsel], I'm sorry, you know, I didn't allow you to make any oral argument if you wanted to and I apologize. Is there anything else you wanted to say on Paragraph 1?

MS. NEVDAL: No, Judge."

¶ 7    The matter proceeded to a jury trial. Because defendant does not dispute that the evidence was sufficient to prove him guilty beyond a reasonable doubt of DUI (challenging only whether the State was required to prove the aggravating factor at trial rather than sentencing), we state the facts only briefly. Testimony generally established that, on December 30, 2018, police officers found defendant unresponsive in his locked vehicle, which was parked on the side of the road with the keys in the ignition and the engine running. After the officers tried unsuccessfully to rouse defendant, they entered the vehicle using "lockout tools." Shortly thereafter, defendant woke up. An odor of alcohol emanated from defendant's mouth. Defendant's eyes were bloodshot and glassy and his speech was slurred. Police dashcam video recorded the officers' interactions with

defendant, which included field sobriety tests. A records search revealed that defendant's driver's license was suspended. Defendant was arrested. When defendant refused to provide a breath sample, officers obtained a warrant for a blood draw, which revealed a BAC of 0.167.

¶ 8    Following the presentation of the State's witnesses, and outside the presence of the jury, the State asked to admit People's exhibit No. 11, "the certified copy of the abstract." The court inquired of defense counsel, who said that she had no objection. The trial court clarified: "Just for the record, that certified copy has been redacted for any criminal history." The State replied: "I have a redacted copy, I think, but then after that conversation, I printed out a regular copy. I can, if I don't have it, make another redacted copy." The court responded: "If we can please make People's Exhibit Number 11 a redacted copy." The court said it would permit defense counsel to "take look at [People's exhibit No. 11] before we send it back to the Jury." With the admission of People's exhibit No. 11, the State rested.

¶ 9    Defendant moved for a directed verdict. Concerning People's exhibit No. 11, defense counsel argued that there was no testimony tying the abstract to defendant. The abstract contained no date of birth, address, or other identifiers aside from defendant's name, which counsel argued was not uncommon enough to definitively connect the abstract to defendant. The trial court denied the motion, stating that "there is a presumption if the name on the certified copy is the defendant's name, that he is the defendant, and I will go with that presumption." The defense rested.

¶ 10    Later, when the parties discussed which exhibits would go back to the jury, the State noted that it had, as the court directed, redacted People's exhibit No. 11 and shown it to defense counsel. The court asked defense counsel if she wanted to make a record regarding People's exhibit No. 11. Counsel said, "I think I did make a record. We're still making the same objection to that as I made

earlier. I don't think it ties to the defendant, but—." The court interjected and ruled that People's exhibit No. 11 would go back to the jury.

¶ 11    People's exhibit No. 11 states that defendant's license suspension was in effect on December 30, 2018, but does not show the basis for the suspension.

¶ 12    The jury signed verdict forms finding defendant (1) "guilty of driving while driver's license is suspended," (2) "guilty of driving while under the influence of alcohol," and (3) "guilty of driving with an alcohol concentration of .08 or more." The jury found that "the allegation that *** the alcohol concentration in the defendant's blood was 0.16 or more, was not proven."

¶ 13    Defendant filed a motion for a new trial, which was denied.

¶ 14    At defendant's sentencing hearing, the trial court merged the aggravated DUI convictions and sentenced defendant to 24 months' probation. The court sentenced defendant to a concurrent term of 168 days in jail on the conviction of driving while his license was suspended. The presentence investigation report, which the trial court considered, included a section titled "Secretary of State Suspension/Revocation Summary." It provided:

> "According to the Illinois Secretary of State Driver's Abstract, the statutory summary suspension for the defendant's license was in effect as of November 25, 2019. The Illinois Secretary of State indicated the following actions: two DUI statutory summary suspensions, one extension of the statutory summary suspension, and one mandated enrollment in a driver remedial program and/or court supervision."

¶ 15    Defendant timely appealed.

¶ 16                                    II. ANALYSIS

¶ 17    Defendant argues that his conviction of aggravated DUI should be reduced to misdemeanor DUI because the State failed to prove the aggravating factor—that defendant committed the

offense while his license was suspended based on a violation of section 11-501.1(a) of the Vehicle Code (625 ILCS 5/11-501.1(a) (West 2018))—at trial beyond a reasonable doubt.

¶ 18    When reviewing a challenge to the sufficiency of the evidence, the question presented is " 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original) *People v. McLaurin*, 2020 IL 124563, ¶ 22 (2020) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Here, it is undisputed that the State did not present evidence at trial to establish the basis of defendant's driver's license suspension, but instead presented it at sentencing. Defendant argues that the State was required to present this evidence at trial. This presents an issue of law, which we consider *de novo*. See *People v. May*, 2021 IL App (4th) 190893.

¶ 19    Defendant was convicted of DUI under section 11-501(a) of the Vehicle Code, which provides:

"(a) A person shall not drive or be in actual physical control of any vehicle within this State while:

(1) the alcohol concentration in the person's blood, other bodily substance, or breath is 0.08 or more ***;

(2) under the influence of alcohol." 625 ILCS 5/11-501(a)(2) (West 2018)).

A conviction under subsection 11-501(a) of the Vehicle Code is a Class A misdemeanor. *Id.* § 11-501(c)(1). Here, however, defendant was charged with, and the trial court entered convictions on, two counts of aggravated DUI under subsection 11-501(d)(1)(G), which provides:

"(d) Aggravated driving under the influence of alcohol ***.

(1) Every person convicted of committing a violation of this Section shall

be guilty of aggravated driving under the influence of alcohol *** if:

* * *

(G) the person committed a violation of subsection (a) during a

period in which defendant's driving privileges are revoked or suspended,

where the revocation or suspension was for a violation of subsection (a) or

a similar provision, *Section 11-501.1*, paragraph (b) of Section 11-401, or

for reckless homicide ***." (Emphasis added.) *Id.* § 11-501(d)(1)(G).

Section 11-501.1 of the Vehicle Code concerns statutory driver's license suspensions. *Id.* § 11-501.1. When a motorist is arrested for DUI, the arresting officer shall ask the motorist to submit to a chemical test. *Id.* § 11-501.1(a). If the motorist refuses testing or if the motorist consents and testing reveals a BAC of 0.08 or greater, the motorist's driving privileges will be summarily suspended. *Id.* § 11-501.1(c).

¶ 20    In *Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000) (quoting *Jones v. U.S.*, 526 U.S. 227, 243, n.6 (1999)), the United States Supreme Court held that " 'any fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.' " After *Apprendi* was decided, the General Assembly enacted section 111-3(c-5) of the Code of Criminal Procedure of 1963 (725 ILCS 5/111-3(c-5) (West 2018)), which provides:

"[I]f an alleged fact (other than the fact of a prior conviction) is not an element of an offense

but is sought to be used to increase the range of penalties for the offense beyond the

statutory maximum that could otherwise be imposed for the offense, the alleged fact must

be included in the charging instrument or otherwise provided to the defendant through a

written notification before trial, submitted to a trier of fact as an aggravating factor, and proved beyond a reasonable doubt."

¶ 21    According to defendant, because the aggravating factor was not a prior conviction but a statutory summary suspension, the State was required to prove it beyond a reasonable doubt at trial.

¶ 22    The State responds that defendant forfeited this argument by failing to raise it below and, in addition, that any arguable error was invited by defendant. Alternatively, the State contends that it was not required to prove the basis of the suspension at trial and that it was properly proven at sentencing.

¶ 23    We first note that, contrary to the State's contention, defendant did not forfeit his argument by failing to raise it below. Defendant challenges the sufficiency of the evidence, which may be raised for the first time on appeal. See *People v. Carter*, 2021 IL 125954, ¶ 41 (the defendant's argument that his aggravated battery conviction did not satisfy the armed habitual criminal statute's predicate offense requirement was a challenge to the sufficiency of the evidence that could be made for the first time on appeal).

¶ 24    We next consider the State's contention that any arguable error was invited by defendant. The following principles, recently applied by this court in *People v. Moore*, 2021 IL App (2d) 200407, apply here.

"It is well settled under the doctrine of invited error that a defendant cannot request to proceed in one manner in the trial court and later assert on appeal that the course of action was erroneous. *People v. Carter*, 208 Ill. 2d 309, 319 (2003). The doctrine of invited error or acquiescence is a procedural default sometimes described as estoppel. *People v. Harvey*, 211 Ill. 2d 368, 385 (2004). '[A] defendant's invitation or agreement to the procedure later

challenged on appeal "goes beyond mere waiver." ' *Id.* (quoting *People v. Villarreal*, 198 Ill. 2d 209, 227, (2001)). 'To permit a defendant to use the exact ruling or action procured in the trial court as a vehicle for reversal on appeal would offend all notions of fair play [citation], and encourage defendants to become duplicitous.' (Internal quotation marks omitted.) *Id.*" *Moore*, 2021 IL App (2d) 200407, ¶ 33.

In *Moore*, we held that, because the defendant expressly invited and acquiesced to the claimed error, *i.e.*, an inadequate factual basis for a guilty plea, he was estopped from challenging the plea. *Id.* ¶¶ 31-36.

¶ 25    In support of its argument that defendant should be estopped, based on the doctrine of invited error, from arguing that the State was required to prove at trial the basis of the suspension, the State relies on *People v. Bowman*, 221 Ill. App. 3d 663 (1991). In *Bowman*, the defendant was convicted of DUI and the enhanced offense of driving while his license was revoked. *Id.* at 664. The statute allowed such an enhancement based on proof of (1) a prior conviction of driving with a revoked license and (2) a DUI conviction that was the basis for the prior revocation conviction. *Id.* at 665 (citing (Ill. Rev. Stat. 1989, ch. 95 ½, ¶ 6-303(d)). The jury did not receive evidence of the prior convictions of driving with a revoked license or DUI; instead, the trial court considered the evidence at sentencing. *Id.* On appeal, the defendant argued that the State failed to prove beyond a reasonable doubt one of the elements of the offense—that the defendant's revocation was based on a prior DUI conviction. *Id.* at 664.

¶ 26    The Fourth District found that the defendant was estopped from asserting error because he "invited or agreed to the procedure" followed by the trial court. *Id.* at 666. During a pretrial conference, the parties "agreed to admit into evidence only that part of the driving record abstract that showed defendant's license was revoked" on the date of the offense. *Id.* at 665. The State was

willing "to proceed in this fashion as long as there was agreement, so that on appeal no one could say [the State] did not prove all elements of the offense." *Id.* The parties' agreement was to

> "attempt to prove to the jury only that defendant's driver's license was revoked \*\*\*, but not that his prior DUI was the basis for his revocation, and that he had a prior [driving while license revoked] conviction based thereon. The jury instructions would be similarly tailored to reflect this stipulation. Then, if a sentencing hearing was necessary, the entire abstract and certified copies of court documents \*\*\* would be introduced to enhance the [offense] to a felony." *Id.*

¶ 27    Here, although the parties did not, as in *Benson*, expressly stipulate to the procedure followed at trial, we agree that any error was invited and acquiesced to by defendant. Indeed, defendant's second motion *in limine* specifically requested "[t]hat the State be barred from introducing evidence of *the basis for Defendant's license being suspended* or revoked." (Emphasis added.) In response to the motion, the State agreed to redact the words "Statutory Summary" from the certified copy of defendant's driving abstract so that the abstract would reflect only that defendant's driver's license was suspended on the date of the offense but not the basis of the suspension. When the court commented, "I don't think [defense counsel is] talking about that. I think she's talking about during testimony," the State responded that it had no objection to not eliciting testimony about the basis of the suspension at trial, but that it intended to introduce a certified copy of defendant's driving abstract and that the abstract reflected that the suspension was a " 'Statutory Summary Suspension.' " The court responded, *"But that doesn't go back to the jury"* and that it was *"just for sentencing purposes."* (Emphases added.) When asked whether she had anything to add, defense counsel responded, "No." Later, after presentation of its witnesses, the State sought to admit an unredacted copy of the driving abstract as People's exhibit No. 11.

The court, now apparently presuming that the abstract would go back to the jury, asked the State to make redactions. When defense counsel was later shown the redacted copy and asked if she wished to make a record, she objected that the abstract could not be tied to defendant. However, this point went to weight, not admissibility. More importantly, the issue at the time was whether the redacted abstract should go back to the jury, not whether it should be admitted into evidence. Like the trial testimony, the redactions were consistent with what counsel had previously said she wanted presented to the jury. She had asked that the jury not hear *the basis* of the suspension, and, moreover, when the court made clear that evidence of the basis was "*just for sentencing purposes*" (emphasis added), she acquiesced. Indeed, defendant's language in his motion *in limine* is essentially the equivalent of a judicial admission; defendant admits the basis of the suspension but does not want to jury to hear it.[1] Accordingly, defendant cannot now be heard to complain that the State did not prove at trial the aggravating factor that defendant committed the offense while his license was suspended based on a violation of section 11-501.1(a) of the Vehicle Code.

¶ 28     Defendant does not acknowledge *Bowman* in his reply brief. Instead, he argues that "[d]efense counsel did not object to an inclusion of language that [defendant's] license was suspended pursuant to [section 11-501.1], but rather expressed concern that the State might present evidence during witness testimony regarding [defendant's] prior criminal history." According to defendant, "the State chose to redact the [abstract] more than necessary—on its own accord." This

_____

[1] "[J]udicial admissions 'are formal concessions in the pleadings in the case or stipulations by a party or its counsel that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.' " *Knauerhaze v. Nelson*, 361 Ill. App. 3d 538, 557-58 (2005) (quoting J. Strong, McCormick on Evidence § 254, at 142 (4th ed.1992)).

argument is disingenuous, given defendant's express request in his second motion *in limine* "[t]hat the State be barred from introducing evidence of *the basis for Defendant's license being suspended or revoked*." (Emphasis added.) To be sure, defendant also requested, in his first motion *in limine*, that the State be barred from presenting evidence regarding defendant's criminal history, but this was distinct from his specific request to bar admission of the *basis* of the driver's license suspension.

¶ 29 Accordingly, because defendant expressly invited and acquiesced to the claimed error, he is estopped from challenging it on appeal.

¶ 30 Going forward, we strongly suggest that, where a defendant is charged with aggravated DUI based on having committed DUI while his license was suspended for a violation of section 11-501.1(a) of the Vehicle Code, there be a stipulation on the record that the suspension will result in additional punishment if the defendant is convicted. Otherwise, the unredacted abstract should be admitted.

¶ 31                                      III. CONCLUSION

¶ 32 For the reasons stated, we affirm the judgment of the circuit court of Du Page County.

¶ 33 Affirmed.