2023 IL App (1st) 220382-U

No. 1-22-0382

Order filed February 9, 2023

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

---

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

---

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20 CR 1732 |
| | ) | |
| VALDEZ PETERSON, | ) | Honorable |
| | ) | Domenica A. Stephenson, |
| Defendant-Appellant. | ) | Judge, presiding. |

---

PRESIDING JUSTICE LAMPKIN delivered the judgment of the court.
Justices Hoffman and Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's conviction and sentence are affirmed where the State proved defendant's guilt of the necessary elements beyond a reasonable doubt at trial and there was sufficient evidence presented at sentencing to enhance defendant's sentence to felony driving on a revoked license.

¶ 2    Defendant Valdez Peterson appeals his conviction of felony driving on a revoked or suspended license. On appeal, defendant argues that the State failed to prove his guilt beyond a reasonable doubt because there was no evidence that defendant's license was revoked at the time

of the stop because of a DUI violation or that defendant's license was revoked or suspended for a qualifying reason in at least three prior violations for driving on a revoked or suspended license. Defendant also argues that, even if the evidence listed above was properly a matter of sentencing instead of trial, the State failed to prove that defendant's license was suspended or revoked at the time of the stop because of a prior DUI conviction.

¶ 3    For the reasons that follow, we affirm the judgment of the circuit court.[1]

¶ 4                                    I. BACKGROUND

¶ 5    After a jury trial, defendant was found guilty of two counts of felony driving on a revoked or suspended license. Count 2 (suspension) merged into count 1 (revocation). Defendant was sentenced to 18 months' imprisonment.

¶ 6    At trial, Chicago police officer David Flores testified that he conducted a traffic stop on November 23, 2019. Defendant was the driver of the stopped vehicle. There was a passenger in the front passenger seat. Officer Flores testified that when he asked defendant for a driver's license, defendant instead presented Flores with a state ID. The parties stipulated that defendant's "driver's license was suspended and revoked as provided by the Illinois Vehicle Code on November 23, 2019."

¶ 7    Defendant testified that he was with his cousin, Sidney Peterson, at Sidney's mother's house. Defendant had been dropped off at the house. There, an altercation ensued between Sidney and his mother, who were both drinking alcohol. Sidney and his mother were arguing over a family issue. Sidney was "tipsy" or "drunk" and was acting a little aggressively. Sidney's mother wanted

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

Sidney to leave, and Sidney would not leave. Sidney's mother then grabbed a knife. Defendant got between the two and he and Sidney went outside.

¶ 8     Defendant testified that his next step was to get Sidney away from his mother before she hurt Sidney. Defendant retrieved the keys to a blue Chevy Cruze. Sidney did not drive because he was not in shape to drive. Defendant testified that Sidney was slurring his words and acting aggressive. Defendant helped Sidney into the car. Defendant believed that Sidney's mother would have hurt Sidney if defendant did not get Sidney away from the premises. Defendant decided to drive Sidney home. Defendant explained that he did not think to call 911 and he did not have Uber to get Sidney a ride. On the way to Sidney's home, defendant took a detour after missing a turn because he was "chewing" out Sidney for his behavior. Defendant was then pulled over by police. Defendant admitted to the officers that he knew his license was revoked.

¶ 9     In rebuttal, for impeachment purposes, the State introduced evidence that, on August 30, 2016, defendant was convicted of felony driving while license to operate a motor vehicle was suspended or revoked.

¶ 10     The jury was instructed, without an objection by defendant, that the State had to prove beyond a reasonable doubt the following elements: (1) that defendant drove a motor vehicle on a highway of this State; (2) that, at the time he drove the motor vehicle, his license was revoked (count 1) or suspended (count 2) as provided by the Illinois Vehicle Code or the law of another state; and (3) that defendant did not act out of necessity. The jury found defendant guilty on both counts.

¶ 11     Defendant's PSI showed that he was arrested for DUI on February 6, 2009. Defendant was sentenced to 12 months' court supervision in August 2011. Defendant had convictions for driving

on a revoked license in 2010 and 2011. In 2015, defendant was convicted of "Driving Rvk/Susp Dui/SSS 3rd." In 2018, defendant was convicted of driving on a suspended or revoked license. Along with the license-related convictions, defendant had convictions for drug possession, soliciting unlawful business, and battery.

¶ 12   At sentencing, the State argued that defendant was statutorily mandated to serve at least 180 days because he had "five prior 6-303's." Trial counsel summarized defendant's driving-related problems, concluding that "on November 23, [2019], the defendant had both a revoked and suspended license for DUI." Trial counsel explained that the revocation stemmed from defendant's 2009 DUI. Defendant missed court, which prompted the clerk to send a notice of bond forfeiture to the secretary of state. Defendant's license was also suspended out of the 2009 case because defendant failed a breath test. Trial counsel described defendant's situation as akin to a "snowball rolling downhill" because defendant was never able to get the revocation or suspension off his record prior to November 23, 2019.

¶ 13   Defendant was sentenced to 18 months' imprisonment on February 25, 2022. Defendant filed an amended notice of appeal on March 9, 2022. This is a direct appeal of the trial court's judgment.

¶ 14                                    II. ANALYSIS

¶ 15   On appeal, defendant argues that we should reduce his conviction to a misdemeanor because the State failed to prove beyond a reasonable doubt at trial that he "drove while his license was revoked for a DUI violation, or that it was revoked or suspended for a qualifying reason during at least three prior violations for driving on a revoked or suspended license, as 625 ILCS 5/6-303(d-3) requires." Alternatively, defendant argues that if the above-mentioned elements were

matters properly at issue only at the sentencing hearing, the State nonetheless failed to prove those elements at sentencing.

¶ 16    Initially, we note that the parties dispute whether the first issue is subject to forfeiture. The State argues that defendant forfeited the *Apprendi* issue for failure to raise it in the trial court. Defendant responds that he is challenging the sufficiency of the evidence, which cannot be forfeited. We need not decide whether defendant has forfeited his claim because whether we review the case on the merits or under the plain-error doctrine, we find no error. See *People v. Thompson*, 238 Ill. 2d 598, 613 (2010) ("The first step of plain-error review is determining whether any error occurred.").

¶ 17    Defendant was charged with two counts of felony driving while license is revoked or suspended, with one count based on revocation and one on suspension. Section 6-303 of the Illinois Vehicle Code provides that "any person who drives or is in actual physical control of a motor vehicle on any highway of this State at a time when such person's driver's license *** is revoked or suspended as provided by this Code or the law of another state *** shall be guilty of a Class A misdemeanor." 625 ILCS 5/6-303(a) (West 2018). Section 6-303(d-3) provides:

> "Any person convicted of a fourth, fifth, sixth, seventh, eighth, or ninth violation
> of this Section is guilty of a Class 4 felony and must serve a minimum term of
> imprisonment of 180 days, if:
>
> (1) the current violation occurred when the person's driver's license was suspended
> or revoked for a violation of Section 11-401 or 11-501[DUI] of this Code, a similar
> out-of-state offense, a similar provision of a local ordinance, or a statutory summary
> suspension or revocation under Section 11-501.1 of this Code; and

(2) the prior convictions under this Section occurred while the person's driver's license was suspended or revoked for a violation of Section 11-401 or 11-501 of this Code, a similar out-of-state offense, a similar provision of a local ordinance, or a statutory summary suspension or revocation under Section 11-501.1 of this Code ***." 625 ILCS 5/6-303(d-3) (West 2018).

¶ 18 Defendant does not argue that the State failed to prove the elements in section 6-303(a). He conceded at trial that the State proved beyond a reasonable doubt that he was in actual physical control of a motor vehicle on a highway in Illinois and that, at the time, his license was revoked and suspended. He does not argue otherwise on appeal. However, defendant argues that the State was required to prove the elements in section 6-303(d-3) beyond a reasonable doubt at trial. Defendant relies primarily on *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), where the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

¶ 19 The legislature has codified *Apprendi* in section 111-3(c-5) of the Code of Criminal Procedure of 1963 (725 ILCS 5/111-3(c-5) (West 2018)). Section 111-3(c-5) provides:

"Notwithstanding any other provision of law, *** if an alleged fact (other than the fact of a prior conviction) is not an element of an offense but is sought to be used to increase the range of penalties for the offense beyond the statutory maximum that could otherwise be imposed for the offense, the alleged fact must be included in the charging instrument or otherwise provided to the defendant through a written notification before trial, submitted to a trier of fact as an aggravating factor, and

proved beyond a reasonable doubt. Failure to prove the fact beyond a reasonable doubt is not a bar to a conviction for commission of the offense, but is a bar to increasing, based on that fact, the range of penalties for the offense beyond the statutory maximum that could otherwise be imposed for that offense. Nothing in this subsection (c-5) requires the imposition of a sentence that increases the range of penalties for the offense beyond the statutory maximum that could otherwise be imposed for the offense if the imposition of that sentence is not required by law."

725 ILCS 5/111-3(c-5) (West 2018).

¶ 20    This court has analyzed the intersection of section 6-303(d-3) of the Vehicle Code and section 5/111-3(c-5) of the Code of Criminal Procedure on multiple occasions. Most thoroughly, in *People v. Owens*, the court held that the "State is not required to prove to the jury, as an element of a defendant's felony driving while revoked offense, the fact the original revocation of his license was predicated on a DUI conviction." *People v. Owens*, 2016 IL App (4th) 140090, ¶ 39. The court relied on the general rule that "where a statute initially sets forth the elements of an offense and separately provides sentencing classifications based on other factors, the enhancing factors do not create a new offense but serve only to enhance the punishment." *Id*. ¶ 33, citing *People v. Van Schoyck*, 232 Ill. 2d 330, 337 (2009). The court also looked to our supreme court's decision in *People v. Lucas*, 231 Ill. 2d 169, 181 (2008), where the court analyzed the provisions of the Vehicle Code and Code of Criminal Procedure discussed above and concluded that the "prior convictions are not elements of the offense that the State must prove to the trier of fact." *Id*. ¶ 34. Finally, the court looked to numerous prior appellate decisions supporting the conclusion that the elements in subsection (d-3) are matters properly reserved for sentencing. *Id*. ¶¶ 35-39, citing

*People v. DiPace*, 354 Ill. App. 3d 104, 115 (2004) (holding that proof of prior driving while revoked convictions and the grounds for revocation were properly reserved for sentencing); *People v. Bowman*, 221 Ill. App. 3d 663, 666 (1991) (holding that the trial court appropriately considered the "prior convictions for DWR and DUI at the sentencing hearing").

¶ 21    After *Owens*, this court has consistently maintained the position that the elements in subsection (d-3) are matters appropriately proved at sentencing. See *People v. Gully*, 2020 IL App (1st) 180275, ¶ 31; *People v. Pulgar*, 2022 IL App (1st) 191513-U, ¶ 26. We agree with the analysis and conclusions in *Owens* and *Gully* and, thus, decline to depart from those decisions. As this court recently found in *Gully*, "the revoked status of a defendant's license at the time of the instant and prior offenses, and the reason stated by the Secretary in his records for that revocation," are no more problematic under *Apprendi*'s recidivism exception than other facts like a defendant's age at the time of an offense. *Gully*, 2020 IL App (1st) 180275, ¶ 31. Our courts have found other facts, such as the "timing and sequence of a defendant's prior convictions," to be "inherent in the convictions themselves." *People v. Ligon*, 365 Ill. App. 3d 109, 128 (2006). In short, the revocation and reason for the revocation are so "closely intertwined" as to be one and the same for *Apprendi* purposes. *Gully*, 2020 IL App (1st) 180275, ¶ 31. The sentencing elements here are properly classified under the umbrella of "recidivism," which is "a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence." *Almendarez-Torres v. United States*, 523 U.S. 224, 243 (1998).

¶ 22    In addition to the above-cited authority contrary to defendant's argument, there are ample policy reasons to leave the recidivist elements for sentencing. The United States Supreme Court noted in *Almendarez-Torres v. United States* what is universally accepted: "the introduction of

evidence of a defendant's prior crimes risks significant prejudice." *Almendarez-Torres*, 523 U.S. at 235. Trial counsel below, when the State sought to introduce a single prior conviction of driving on a revoked license, argued that the prior conviction would "overpersuade the jury that the defendant commits these kinds of crimes without justification." Under defendant's argument, the State would have had to put before the jury that defendant's license was revoked for a DUI violation at the time of his arrest and that defendant's license was revoked for a qualifying reason during at least three prior violations of driving on a revoked license. As the Court in *Almendarez-Torres* further explained, that level of "unfairness" is not warranted with respect to "facts that are almost never contested." *Id*. The Court's rationale is borne out in this case where defendant below never contested that the subsection (d-3) elements were established. At sentencing, trial counsel volunteered that defendant had "both a revoked and suspended license for DUI" on November 23, 2019. Trial counsel also voiced no objection to the State's comment that, based on the PSI, defendant was statutorily mandated to serve a minimum of 180 days because of "five prior 6-303's." For all the reasons just discussed, we reject defendant's argument that the State was required to prove the subsection (d-3) factors at trial.

¶ 23    Defendant makes the alternate argument that the State failed to prove the subsection (d-3) elements at sentencing. Defendant did not raise this issue before the trial court, which is typically grounds to find the claim forfeited. See *People v. Hillier*, 237 Ill. 2d 539, 544 (2010) ("It is well settled that, to preserve a claim of sentencing error, both a contemporaneous objection and a written postsentencing motion raising the issue are required."); 730 ILCS 5/5-4.5-50(d) (West 2020) ("A defendant's challenge to the correctness of a sentence or to any aspect of the sentencing hearing shall be made by a written motion filed with the circuit court clerk within 30 days

following the imposition of sentence."). However, defense counsel's express statements to the trial court, conceding the subsection (d-3) elements, goes beyond mere forfeiture. "It is well settled that a party cannot acquiesce to the manner in which the trial court proceeds and later claim on appeal that the trial court's actions constituted error." *People v. Hibbler*, 2019 IL App (4th) 160897, ¶ 60. Trial counsel below openly conceded that defendant's license was suspended and revoked based on his 2009 DUI case on November 23, 2019.

¶ 24    Affirmative acquiescence aside, a combination of the evidence in the PSI and trial counsel's concessions sufficiently established both (d-3) elements. "A court properly may consider a presentencing report to determine a defendant's criminal record; such a report is a reliable source for the purpose of inquiring into a defendant's criminal history." *People v. DiPace*, 354 Ill. App. 3d 104, 115 (2004). The PSI in this case showed that defendant was arrested for DUI on February 6, 2009. Trial counsel explained that defendant missed court in the 2009 DUI case and the county clerk issued a notice of bond forfeiture to the Illinois Secretary of State. Contrary to defendant's argument, the revocation based on a bond forfeiture was not "mistakenly" entered. A bond forfeiture qualifies as a conviction under the Vehicle Code. See 625 ILCS 5/6-100(b) (West 2018) (defining a "conviction" as a "final adjudication of guilty by a court of competent jurisdiction either after a bench trial, trial by jury, plea of guilty, order of forfeiture, or default"); *People v. Smith*, 345 Ill. App. 3d 179, 186 (2004) ("[F]or purposes of the offenses outlined in the Vehicle Code, the term 'conviction' encompasses convictions that resulted from bond forfeitures or default orders.").

¶ 25    Trial counsel explained that defendant's license was also suspended based on the 2009 DUI because defendant "flunked the breath test." Trial counsel continued that the suspension, while

initially only for 6 months, was like a "snowball rolling downhill" because defendant kept getting caught driving. The PSI showed that defendant had four prior convictions for driving on a revoked or suspended license, all after the 2009 DUI arrest. The third of those convictions was labeled "Driving Rvk/Susp Dui/SSS 3rd." This conviction is consistent with trial counsel's representations that defendant still had the revocation and suspension related to his 2009 DUI on his record at the time of his arrest in this case. The fourth conviction resulted from defendant's arrest that occurred during the probationary period on the third conviction. Trial counsel stated that, "on November 23, [2019], the defendant had both a revoked and a suspended license for DUI." Trial counsel explained that defendant had resolved the issues surrounding the revocation and suspension between the trial and sentencing hearing in this case, admitting that the remedial measures "should have probably been done before he got into a car here."

¶ 26    In short, the trial court appropriately sentenced defendant for felony driving while license revoked. While reviewing courts have held that a trial court can make reasonable inferences based on information in a PSI, the trial court here did not need to make any inferences as trial counsel concisely explained the status of defendant's license on the date of the arrest in this case. Trial counsel openly admitted that defendant "had both a revoked and a suspended license for DUI" at the time of his arrest. And, with trial counsel's acknowledgment that the revocation and suspension from the 2009 DUI case remained on his record at the time of his arrest in this case, it is safe to infer that it was also revoked and suspended at the time of his four prior convictions for driving on a revoked or suspended license. Between the PSI and trial counsel's admissions at the sentencing hearing, the trial court had a solid basis to sentence defendant on the felony driving while license revoked count.

¶ 27    We finally note that defendant has not raised a claim of ineffective assistance of counsel. Nor has defendant challenged the veracity of trial counsel's statements to the trial court. Defendant has only argued that trial counsel's comments were "ambiguous," a characterization with which we disagree. Trial counsel clearly and coherently explained defendant's driving record and status at the time of his arrest in this case. To the extent defendant believes that trial counsel's representations were inaccurate, "the appropriate avenue would be for defendant to file a petition under the Post–Conviction Hearing Act [citation] alleging ineffective assistance of counsel." *People v. Brown*, 229 Ill. 2d 374, 392 (2008). If defendant could establish that his record did not qualify him for sentencing on the felony driving while license revoked count and "that his attorney failed to bring this to the sentencing court's attention, defendant would have no difficulty showing that he was prejudiced by his attorney's deficient conduct." *Id*. As defendant has not raised an ineffective assistance claim, any analysis of counsel's performance is premature. Because defendant has not challenged the veracity of trial counsel's statements, defendant was properly sentenced in this case.

¶ 28                                III. CONCLUSION

¶ 29    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 30    Affirmed.