NOTICE
Decision filed 09/18/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230180-U

NO. 5-23-0180

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 21-CF-1145 |
| | ) | |
| MARCUS MERRIWEATHER, | ) | Honorable |
| | ) | Adam M. Dill, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BOIE delivered the judgment of the court.
Justices Welch and Moore concurred in the judgment.

**ORDER**

¶ 1 *Held*: We affirm the defendant's conviction for aggravated driving under the influence where the defendant is estopped from challenging the claimed error on appeal.

¶ 2 The defendant, Marcus Merriweather, was convicted after a jury trial of driving under the influence (DUI) of alcohol, which was elevated to aggravated DUI based on the defendant's prior DUI violations. On appeal, the defendant argues that the State failed to prove him guilty of aggravated DUI, where it did not present any evidence at trial establishing that he had prior DUI violations but proved the prior DUI violations at sentencing. The defendant requests this court reduce his conviction to a Class A misdemeanor DUI. For the following reasons, we affirm the judgment of the trial court of Champaign County.

1

¶ 3                                    I. BACKGROUND

¶ 4    The relevant facts of this case are not in dispute. On September 24, 2021, the State charged the defendant with three counts of aggravated DUI (counts I through III) in violation of section 11-501(a)(2) of the Illinois Vehicle Code (Code) (625 ILCS 5/11-501(a)(2) (West 2020)) and one count of driving while license suspended (count IV) in violation of section 6-303(a) of the Code (*id.* § 6-303(a)). With respect to counts I through III, each count alleged the defendant violated section 11-501(a)(2) of the Code (*id.* § 11-501(a)(2)) in that, on or about September 23, 2021, he drove or was in actual physical control of a motor vehicle while under the influence of alcohol. Count I further alleged the defendant's unlawful conduct constituted an aggravated offense, which subjected him to an elevated sentencing classification, a Class 2 felony, in that it occurred when he had three prior DUI violations. *Id.* § 11-501(a)(2), (d)(1)(A). Count II alleged the defendant's unlawful conduct constituted an aggravated offense, which subjected him to an elevated sentencing classification, a Class 4 felony, in that it occurred when his driving privileges were revoked for a DUI violation. *Id.* § 11-501(a)(2), (d)(1)(G). Count III alleged the defendant's unlawful conduct constituted an aggravated offense, which subjected him to an elevated sentencing classification, a Class 4 felony, in that it occurred at a time when the defendant knew or should have known that the vehicle he was driving was not covered by a liability insurance policy. *Id.* § 11-501(a)(2), (d)(1)(I). The State dismissed counts II through IV prior to trial.

¶ 5    The defendant filed a motion *in limine* on May 19, 2022, which requested, *inter alia*, to prevent the State from introducing evidence of his three prior DUI violations at trial. The defendant argued that his criminal history, including the prior DUIs, was substantially more prejudicial than probative and requested the trial court to "prohibit the [S]tate from introducing evidence of the defendant's prior convictions or eliciting such evidence in their direct case, or on cross-examination." The State agreed to the defendant's motion in part, agreeing to the defendant's

2

request that the State refrain from introducing evidence of the defendant's prior DUI violations at trial, and filed a motion of intent to offer only the defendant's two prior theft convictions for purposes of impeachment. The trial court confirmed with the State that the defendant's prior DUI violations would only be offered during sentencing, and the defendant raised no objection.

¶ 6        The matter proceeded to a jury trial on May 24 and 25, 2022. On appeal, the defendant does not dispute that the evidence was sufficient to prove him guilty of DUI, but rather argues that the State was required to prove the aggravating factor of his three prior DUI violations at trial, rather than at sentencing. Therefore, we only briefly discuss the facts of the underlying DUI. On September 23, 2021, Chief Levingston, of the Tolono Police Department, responded to a call about a truck striking a dumpster. Upon arrival, he discovered the defendant slumped over in the driver's seat of a truck. The defendant smelled of alcohol and had slurred speech. In the vehicle, Chief Levingston noticed two opened bottles of vodka. After any potential medical issues were ruled out, the defendant was taken to the jail, where he was given three opportunities to submit to a breathalyzer test to determine his blood alcohol concentration. The defendant never provided a sufficient breath sample, which was marked as a refusal by the breathalyzer operator.

¶ 7        The jury found the defendant guilty of DUI. A sentencing hearing was held on July 14, 2022. During the hearing, the parties confirmed the accuracy of the defendant's presentence report, which showed that the defendant had at least three prior DUI violations. The defendant was sentenced to seven years' imprisonment in the Illinois Department of Corrections for the Class 2 felony aggravated DUI, with a one-year term of mandatory supervised release. The defendant filed a *pro se* late notice of appeal with this court on March 24, 2023, claiming that the late filing was due to his lack of access to the necessary materials and procedures due to a COVID quarantine restriction. The defendant's motion to file a late notice of appeal was granted on May 8, 2023, pursuant to Illinois Supreme Court Rule 606(c) (eff. Mar. 12, 2021). The State Appellate Defender

was appointed to represent the defendant on appeal and filed a brief in support of the defendant's notice of appeal.

¶ 8                                    II. ANALYSIS

¶ 9      On appeal, the defendant argues that the State failed to prove him guilty of aggravated DUI beyond a reasonable doubt. The defendant does not contest that the State had proved he was in physical control of a motor vehicle while he was under the influence of alcohol. Instead, the defendant claims that the structure of the aggravated DUI statute indicates a clear legislative intent to make prior violations of DUI an element of the offense of aggravated DUI. Thus, the defendant argues that the State was required, but failed, to prove his prior DUI violations to the trier of fact beyond a reasonable doubt. Where the State failed to do so, the defendant argues that he could not be proven guilty of aggravated DUI, and thus, his conviction should be reduced to a Class A misdemeanor DUI.

¶ 10     The State responds that the defendant forfeited this argument on appeal by failing to raise it at trial or in his posttrial motions, and that the defendant cannot prove plain error. Further, the State contends that the defendant invited what he now asserts as error. The State argues, alternatively, that prior DUI violations are a sentencing enhancement under the statute, and as such, the State is not required to present evidence of the defendant's prior DUI violations at trial.

¶ 11     The defendant concedes that he did not raise this issue at trial or in any posttrial motion; however, he argues that an argument relating to the sufficiency of the evidence at trial cannot be forfeited. See *People v. Walker*, 7 Ill. 2d 158, 160 (1955) (arguments that the State failed to prove defendant guilty beyond a reasonable doubt are not subject to the normal rules of forfeiture and may be raised for the first time on appeal). When presented with a challenge to the sufficiency of the evidence, our inquiry is "whether, after viewing the evidence in the light most favorable to the

4

prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *People v. Jackson*, 2020 IL 124112, ¶ 64.

¶ 12   In this case it is undisputed that the State did not present any evidence at trial to establish that the defendant had prior DUI violations at the time he committed the offense. The dispute, instead, concerns whether the existence of the prior DUI violations were essential elements of the charged offenses, which the State was required to prove at trial, as opposed to proving at sentencing.

¶ 13   The defendant was convicted of aggravated DUI under section 11-501(a)(2), and the offense was aggravated pursuant to section 11-501(d)(1)(A) of the Code. 625 ILCS 5/11-501(a)(2), (d)(1)(A) (West 2020). Section 11-501(a)(2) states, in pertinent part: "A person shall not drive or be in actual physical control of any vehicle within this State while: *** under the influence of alcohol[.]" *Id.* § 11-501(a)(2). The subsection for aggravated DUI relevant to the defendant, section 11-501(d)(1)(A), reads as follows:

> "(d) Aggravated driving under the influence of alcohol, other drug or drugs, or intoxicating compound or compounds, or any combination thereof.
>
> (1) Every person convicted of committing a violation of this Section shall be guilty of aggravated driving under the influence of alcohol, other drug or drugs, or intoxicating compound or compounds, or any combination thereof if:
>
> (A) the person committed a violation of subsection (a) or a similar provision for the third or subsequent time[.]" *Id.* § 11-501(d)(1)(A).

¶ 14   The defendant acknowledges that our supreme court and several other districts of this court have found that evidence of prior DUI violations only need to be proven at sentencing as an enhancement factor, not as an element of aggravated DUI to be proven to the trier of fact. *People v. May*, 2021 IL App (4th) 190893, ¶ 34. In *People v. Homme*, the defendant made the same

5

arguments that the defendant makes in the present case, relying on *People v. Zimmerman*, 239 Ill. 2d 491 (2010), *People v. Martin*, 2011 IL 109102, *People v. Mumaugh*, 2018 IL App (3d) 140961, and *People ex rel. Glasgow v. Carlson*, 2016 IL 120544. *People v. Homme*, 2022 IL App (4th) 190490-U, ¶¶ 45-55. The *Homme* court rejected the defendant's position that the State was required to present evidence at trial establishing his prior DUI violations to prove him guilty of aggravated DUI. See *id.* ¶ 55. The defendant asks this court to depart from the line of cases holding that aggravated DUI and DUI are not separate offense with separate elements. He additionally asks this court to determine that *May*, 2021 IL App (4th) 190893, and *People v. Robinson*, 2019 IL App (1st) 170503-U, were wrongly decided and invites this court to compare the aggravated DUI statute to the aggravated robbery statute, where the simple and aggravated offenses are included in the same section.

¶ 15    In the present case, however, the trial and sentencing hearing proceeded in a fashion consistent with the defendant's own request. As such, we find that the defendant is estopped from any claimed error regarding his prior DUI convictions under the doctrine of invited error. The doctrine of invited error is a form of procedural default or estoppel. *People v. Liekis*, 2012 IL App (2d) 100774, ¶ 24 (citing *Gaffney v. Board of Trustees of the Orlando Fire Protection District*, 2012 IL 110012, ¶ 33). The doctrine provides that a party may not request that the court proceed in one manner and then argue on appeal that the requested action resulted in error. *Id.* It would be unfair to grant a party relief based on error that he introduced into the proceedings. *Id.*

¶ 16    The defendant argues that the doctrine of invited error does not apply to the sufficiency of the evidence arguments raised on direct appeal. He cites to *People v. Wilson*, 215 Ill. App. 3d 966, 970 (1991), for the proposition that failure to prove a material allegation of an indictment beyond a reasonable doubt may be raised for the first time upon review. *Wilson*, however, addresses forfeiture for failure to raise an issue by objection or in a posttrial motion, not invited error. Our

6

courts have applied the invited error rule to aggravated DUI cases. See *People v. Bowman*, 221 Ill. App. 3d 663, 666 (1991) (holding that the defendant agreed to introduce the prior convictions at sentencing only and, as such, is estopped from asserting it as error). Further, even where the State is required to prove the defendant's prior conviction at trial, as in the case of retail theft, we have held that, where the defendant acquiesces to the State's request to prove a prior conviction at sentencing, "fairness requires application of the waiver rule." See *People v. Rice*, 137 Ill. App. 3d 285, 286-87 (1985).

¶ 17    In *People v. Benson*, 2022 IL App (2d) 200038-U, the defendant filed a motion *in limine* to bar the State from introducing evidence of the aggravating factor, that the defendant committed the offense of DUI while his license was suspended based on a violation of section 11-501.1(a) of the Code. *Id.* ¶ 27. The motion requested that " 'the State be barred from introducing evidence of the basis for Defendant's license being suspended or revoked. That information is irrelevant and more prejudicial than probative.' " *Id.* ¶ 5. Thus, the language of the request in the motion *in limine* resulted in an expressly invited error. *Id.* ¶¶ 27-29.

¶ 18    In the present case, the defendant filed a motion *in limine* to exclude the use of the defendant's prior DUI convictions at trial. The motion specifically stated: "[t]hat the Defendant has the following prior convictions," and listed, *inter alia*, the defendant's three prior DUI violations. The defendant's motion requested that the State be prohibited from using those violations for impeachment purposes, and further requested that the trial court "prohibit the [S]tate from introducing evidence of the defendant's prior convictions or eliciting such evidence in their direct case, or on cross-examination of the Defendant should the Defendant testify." This request shows the defendant intended to have the State barred from introducing evidence of his prior convictions completely, not just for impeachment purposes. The defendant expressly invited the error through his motion *in limine*.

7

¶ 19    The defendant additionally acquiesced the error by not objecting to the proceedings. A defendant may not observe irregular proceedings without objection and afterwards seek relief on those same irregularities. *People v. Ford*, 19 Ill. 2d 466, 478-79 (1960). A party may not claim error in the procedure employed by the court if the party willingly participated in that procedure without objection. *People v. McBride*, 2022 IL App (4th) 220301, ¶ 31 (citing *People v. Schmitt*, 131 Ill. 2d 128, 137 (1989)). In *People v. Bowman*, the parties agreed that the aggravating factor in the defendant's enhanced driving while license revoked charge, that the defendant's revocation rested upon a prior conviction for DUI, would only be used for sentencing purposes and not presented to the jury. *Bowman*, 221 Ill. App. 3d at 665-66. As a result, the *Bowman* court commented that the defendant was estopped from asserting the error on appeal, as he invited or agreed to the procedure. *Id.* Similarly in *People v. Benson*, defense counsel also did not object to the trial court stating that the aggravating factor would only be used for sentencing purposes, and this resulted in acquiescence of the claimed error. *Benson*, 2022 IL App (2d) 200038-U, ¶ 27.

¶ 20    In this matter, during the hearing on the motion *in limine*, the trial court noted the State's motion for intent to offer, filed May 23, 2022, which indicated that the State intended to offer two theft cases for purposes of impeaching the defendant, should he choose to testify. The trial court indicated that based on the motion for intent, it was evident that the State was not objecting to the motion *in limine* from the defendant as to the defendant's prior DUI violations. When asked by the trial court if that was accurate, the State stated: "Yes, Your Honor." The trial court acknowledged that the State confessed the defendant's motion *in limine* as to the DUI cases, leaving only two other cases in dispute. Defense counsel agreed that was an accurate statement of the procedural posture. The trial court then confirmed with the State that it intended to prove the prior DUI violations at sentencing, to which defense counsel raised no objection. The trial court stated as follows:

8

"THE COURT: *** well, certainly, the prior DUI's, if we reach sentencing, that's something you would prove up at sentencing; correct?

[THE STATE]: Correct."

The jury trial then proceeded in accord with the agreed-upon procedure, and after a finding of guilty to the DUI charge, the State proved the prior DUI offences at sentencing to enhance the defendant's DUI from a misdemeanor to a felony. The defendant did not object to this procedure during the hearing on his motion *in limine* and invited the claimed error via acquiescence.

¶ 21   Accordingly, because the defendant expressly invited and acquiesced the claimed error, he is estopped from challenging it on appeal. Further, we will not depart from the long list of cases establishing that prior DUI violations are sentencing enhancements and not elements of the offense.

¶ 22                                 III. CONCLUSION

¶ 23   For the reasons stated, the defendant is estopped from arguing the alleged claim and we affirm the defendant's felony conviction of aggravated driving under the influence.

¶ 24   Affirmed.